RUEL AMBROSE *et al.*, appellants, *vs.* CHARLES W. WEED *et al.*, appellees; and
ANSON ROOT, impleaded with RUEL AMBROSE, appellant, *vs.* ASHER ROSSITTER, appellee.

### *Appeal from Kane.*

A levy upon personal property, apparently of sufficient value to satisfy the judgment, is not an absolute satisfaction, but *sub modo* only; for until the levy is disposed of, it cannot be certainly known that it will produce an absolute satisfaction.

So where the property is withdrawn from the custody of the officer, by the execution of a delivery bond, and the condition of the bond is not complied with, neither the defendant, nor his surety upon an appeal bond, can set up the levy as a bar to an action upon the appeal bond.

The perfection of an appeal suspends all proceedings under the judgment.

The above causes were submitted upon precisely similar questions. The appellees recovered a judgment in the Kane Circuit Court, against Ruel Ambrose, one of the appellants, for the sum of $ 833 32, and on the 23d of April, 1845, execution issued upon said judgment, and was delivered to the sheriff of Kane county; by virtue of which he levied upon personal property of the said Ambrose, of the value of $ 1,500; thereupon Ambrose executed a forthcoming bond, with the other appellant as surety, conditioned for the return of the property on the day of sale; after the levy and execution of the delivery bond, and before the day of sale, Ambrose perfected an appeal to this Court, and executed an appeal bond, with his co-appellant as security, conditioned in the usual form; which appeal was afterwards dismissed.

This action was brought upon the appeal bond, and the usual breaches assigned. To which the appellants pleaded, in bar, the

levy aforesaid; and appellees replied thereto, the execution of the delivery bond aforesaid, perfection of the said appeal, dismissal of the same, and the breach of the delivery bond. To which replication appellants demurred. The Circuit Court overruled the demurrer, and appellants bring the cause to this Court, assigning for error the overruling of the said demurrer.

The cause was heard before Theophilus L. Dickey, at January term, 1850, and a judgment rendered for the appellees, for the sum of $1,300 debt, and $602 47, damages.

Wilson & Wilcox, for appellants, cited 4 Mass., 402; 12 Johnson, 207; 4 Cowen, 417; 14 Wendell, 260; 2 Lord Raymond, 1072; 3 Scam., 611; 1 U. S. Digest, 450; 1 A. K. Marshall, 15; 7 John., 426; 8 Smedes & Marshall, 505; 4 ibid, 459; 7 ibid, 791; 6 Howard, Miss., 513; 1 ibid, 64; 12 Johnson, 205; 5 J. J. Marshall, 676; 10 Peters' U. S. Rep., 400.

R. S. Blackwell, for appellees, cited 23 Wendell, 497; Revised Statutes, 306, secs. 30, 31.

Opinion by Treat, C. J.:

Weed, Masters and Weed recovered a judgment against Ambrose, and an execution issued thereon was, on the 23d of April, 1845, levied on personal property of value sufficient to discharge the judgment. On the 26th of the same month, the property was restored to Ambrose, on his executing a delivery bond, with Root as surety, conditioned for the return of the property to the sheriff on the 1st of June thereafter. On the 28th of the same month of April, Ambrose perfected an appeal from the judgment to the Supreme Court, by the execution of an appeal bond, with Root as surety. The appeal was dismissed in December following. This action was brought upon the appeal bond; the breach assigned being the non-payment of the judgment.

It is insisted that the levy amounted to a satisfaction of the judgment, and constitutes a full defence to the action. It is well settled that a levy on the personal property of the debtor, sufficient in value to pay the judgment, operates, while the levy is undisposed of, as a satisfaction of the judgment. The property is in the custody of the law, and beyond the control or disposition of the debtor. The creditor has caused a seizure of enough

62

of the effects of his debtor to discharge the judgment, and it is his own fault, if he does not thereby obtain an actual satisfaction. Such a levy, however, is not an absolute satisfaction of the judgment, but a satisfaction *sub modo* only; because, until there has been a sale, it cannot be known with any degree of certainty how much may be realized from the property. It may turn out that, from prior liens on the property or other causes, the proceeds of the sale will not be sufficient to pay the judgment. It would be wrong, therefore, to hold that the mere seizure of the property amounted to an extinguishment of the judgment. It would be equally wrong to suffer the debtor to be harrassed by any other proceedings, until it is ascertained that the levy is ineffectual for the satisfaction of the judgment. Until the levy is disposed of by a sale of the property, or a return of it to the debtor, the seizure may be treated as a satisfaction of the judgment. In the meantime, the right of the creditor to another execution, or to an action on the judgment, is suspended. If he sues out a fresh execution, it will be set aside, on motion; if he brings an action on the judgment, or on any collateral security for its payment, the levy may be set up as a defence to the further maintenance of the suit. If a sale of the property fails to produce a satisfaction of the judgment, or the property is returned to the debtor, or the levy is discharged from any other cause, the creditor is remitted to all of his legal remedies for the enforcement of the judgment. These principles are laid down in the well considered case of Green *vs.* Burke, 23 Wendell, 490, where all the leading authorities on this subject are examined.

In the present case, the property levied on was, by the voluntary act of the debtor, withdrawn from the custody of the sheriff, and has never been restored. The debtor is not deprived of the possession or control of the property, and the creditor has not, by virtue of the levy, the right to subject the property to the payment of his judgment. Under these circumstances, the levy cannot be set up as a satisfaction of the judgment. The statute authorizes a debtor to retain the possession of property seized on execution, by the giving of a delivery bond; and if the property is not forthcoming on the day specified in the bond, the sheriff may proceed with the execution as if no levy had been made; and in case sufficient property of the debtor cannot be found, he may seize and sell the property of the surety in the

bond. R. S., ch. 57, secs. 30 and 31. Where property has been levied on, sufficient in value to discharge the judgment, the giving of a delivery bond suspends all further proceedings in the case, until the time has elapsed for the return of the property into the custody of the sheriff. If the property is not restored, the sheriff may proceed with the execution as if no levy had been made, or bring an action on the delivery bond; or both of these remedies may be pursued at the same time, although a satisfaction of one would operate as a satisfaction of both. The perfection of the appeal superseded all of the proceedings under the judgment. There was no forfeiture of the delivery bond, until the appeal was dismissed. The obligors, however, might have returned the property to the sheriff at the time fixed by the bond, and thereby discharged themselves from all liability on the bond. On the dismissal of the appeal, and the failure of the debtor to restore the property, the creditor was at liberty to sue out a new execution, and bring actions on the appeal and delivery bonds. The sheriff could not have proceeded to make a fresh levy on the old execution, because the return day of the process had passed.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*