WILLIAM DAYTON, Plaintiff in Error, v. WILLIAM FRY, Defendant in Error.

ERROR TO GREENE.

A plea to an action of replevin, justifying the taking because it was done by virtue of a writ, must aver that the writ was in full force, the money unpaid, and that the property was taken in pursuance of its authority, otherwise it is liable to demurrer.

THIS was an action of replevin, brought in the Circuit Court of Greene county. The declaration contained two counts: 1st, for the taking; 2nd, for detaining. The defendant, among other pleas, interposed the following, to wit:

And for further plea in this behalf the defendant says that the plaintiff ought not to be admitted to say that the property in the declaration mentioned is the property of him the plaintiff, because he says that on, to wit, on the 13th day of August, in the year of our Lord one thousand eight hundred and sixty-two, the said plaintiff, together with one Matthew J. Dayton, entered into a bond to Jacob Bowman, the sheriff of the county of Greene, and State of Illinois, duly elected and qualified, which said bond is in the words and figures following, to wit: (setting out a delivery bond in the ordinary form, and which recites certain property as the property of Matthew J. Dayton, the defendant in execution, and then proceeds, as follows): " Which said bond was taken and approved by the defendant, William Fry, as deputy sheriff of the county of Greene, and State of Illinois, whereby the said plaintiff, Matthew Dayton, in his bond aforesaid, hath acknowledged the property in the said declaration mentioned, the same being a part of the property in the said bond mentioned, and described to be the property of one Matthew J. Dayton, and this he is ready to verify, wherefore," etc.

To which plea the plaintiff filed a general demurrer.

This demurrer the court below overruled, and the plaintiff abiding thereby, the court gave judgment thereon for the defendant, and awarded a return.

The assignment of errors questions the correctness of this decision.

STUART, EDWARDS & BROWN, for Plaintiff in Error.

Refer to *Decherd* v. *Blanton*, 3 Sneed (Tenn.) 373; *Wallis* v. *Story*, 16 Ala. 738.

The plea is substantially defective. It does not admit anything and justify. It does nowhere show a legal delivery bond, or any facts to justify or require the execution of such a bond.

JAMES W. ENGLISH, for Defendant in Error.

WALKER, J. Was the demurrer to defendant's fifth plea properly overruled? By that plea it was averred, that plaintiff might not be admitted to say, that the property mentioned in the declaration is his, because he, together with Matthew J. Dayton, entered into a delivery bond to the sheriff for the return of the property to him. That bond is recited at large, in the plea. It recites, that an execution against Matthew J. Dayton had come to the hands of the sheriff, had been levied upon the property therein mentioned, belonging to the defendant in execution.

This plea fails to aver, nor is it admitted in the bond, that any sum of money was due and unpaid, on the execution, at the time the levy was made. It is manifest, that it is only by virtue of an unsatisfied *fi. fa.*, in full force, the sheriff could make a valid levy. Had this execution been satisfied, or had the levy been made after the return day, the defendant in execution could recover the property, and so could his security on his delivery bond if the property belonged to the security. It is only by virtue of an execution in full life, and unsatisfied, that the sheriff may levy and hold property of the defendant. When a party justifies what would otherwise be a trespass, by legal process, he must not only show that he acted under what purports to be a valid writ, when it was issued, but that it was in full force and conferred the power to perform the act, at the time he acted. To have shown a justification

or an estoppel in this case, the plea should have averred that the writ was in full force, the money unpaid, and the levy made, and the bond taken in pursuance of its authority.    The plea failing to aver that the writ was unsatisfied, and that it was in full force, when the levy was made and the bond was executed, the plea was defective, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*