# The Rockford,. Rock Island and St. Louis R. R. Company

## *v.*

## John E. Coppinger.

1. DEPOSITIONS—*improperly entitled.* In a proceeding by a railroad company to condemn a strip of the defendant's land for a right of way, a motion was made to suppress the defendant's depositions for the reason that they were entitled with the names of the parties reversed. It appeared that they related to the matter of the suit, and were taken between the parties to it, and that the party objecting appeared and cross-examined the witnesses: *Held,* that although, technically, they were not properly entitled, the motion was properly overruled.

2. RIGHT OF WAY—*right to have jury view the land.* Where a company, seeking to condemn land for right of way, procured the venue of the cause to be changed to another county: *Held,* that, by taking the change of venue from the only court upon whom the power was conferred under the act of 1872, to order a personal view by the jury, the company debarred itself of that right, and could not be heard to complain of the loss of it.

3. SAME—*form of judgment.* Where the petitioner has not already entered upon the land sought to be condemned, the judgment of the court, upon the assessment of damages, should order that the petitioner enter upon and use the property condemned upon payment of the compensation found by the jury. But where the petitioner had given the requisite bond, and had entered, such an order was unnecessary.

4. EVIDENCE—*opinion of witnesses.* Where witnesses were allowed, without objection, to give their opinions as to the extent of the defendant's damage, in a proceeding to acquire the right of way through his land, as well as to testify to facts: *Held,* that the jury had the right to consider such evidence.

APPEAL from the Circuit Court of Greene county ; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a proceeding, commenced by the appellant against the appellee, to condemn a strip of land for a right of way. The jury found for the defendant "$3500 damages, exclusive

of fencing, estimating the land actually occupied by the railroad at $923.75, and the remainder, $2576.25, for actual damages occasioned by the construction and operation of the plaintiff's railroad over defendant's land." A motion for a new trial was made and overruled. The court, thereupon, entered the following order : "It is considered and adjudged by the court that the defendant recover of the plaintiff the damages aforesaid, in form aforesaid assessed, together with his costs herein, and that he have execution therefor."

Mr. J. S. Bailey, Mr. Charles W. Osborn, and Mr. N. M. Knapp, for the appellant.

Messrs. Burr & Wilkinson, and Messrs. Dummer & Brown, for the appellee.

Mr. Justice McAllister delivered the opinion of the Court:

Appellant instituted proceedings in May, 1870, before the circuit judge of Madison county, under the act of 1852, to condemn a strip of land 100 feet wide, through appellee's farm, situate in that county, upon which to construct its railroad. Commissioners were appointed, and upon making their report, appellee took an appeal to the circuit court of the same county. Appellant applied for and obtained a change of venue to Greene county, in another circuit court, where the cause was tried, and verdict and judgment were for appellee. The railroad company brings the case here by appeal, and assigns for error : (1.) That the court erred in denying its motion to suppress certain depositions ; (2,) in overruling its request that the jury should go and view the premises in Madison county ; (3,) in overruling its motion for a new trial ; (4,) in the form of the judgment.

The court very properly overruled the motion to suppress the depositions. The ground assigned is, that they appeared to

have been taken in a case where John E. Coppinger was plaintiff, and appellant was defendant, and not in the case tried. Technically, they were not properly entitled, but they appear to have been taken in reference to the subject matter of this suit, between the parties to it, and appellant had the opportunity to, and did, appear and cross-examine.

Secondly, it is insisted that the court, under the statute of 1872, concerning eminent domain, and in force at the time the trial was had, should, upon appellant's request, have ordered the jury to view the premises in person. It would be such an extraordinary proceeding for the court to send a jury beyond the territorial limits of the court for such a purpose, that we can not regard the power as conferred, except it be done by express words. Full force may be given to the language employed in the act by construing it to apply only to cases where the case is tried in the county where the land is situated. The second section of the act (Sess. Laws 1871–2, p. 402), requires the petition to be filed in the county where the land is situate. The exceptional case of a change of venue was not, in any respect, within the contemplation of the legislature in passing the act. Hence, no provision is made for anything incidental to such change, such as providing means to defray the expenses of the jury in traveling long distances for the purpose of viewing the premises in person.

We are of opinion that the appellant, by taking a change of venue from the only court upon whom the power was conferred to order a personal view by the jury, debarred itself of that right, and can not now be heard to complain of the loss of it.

The third error assigned is, that the verdict is not sustained by the evidence, and the court erred in overruling the motion for a new trial. It is true, that witnesses gave their opinion as to the extent of the owner's damages, as well as many facts bearing upon that question. Such evidence was admitted without objection, the jury had a right to consider

it, and we can not say that the verdict was against the evidence, as to which there was considerable conflict.

The last point made, is, that the judgment is not in proper form, in that it did not order that petitioner enter upon the property and use the same upon payment of the compensation ascertained.   It appeared, in evidence, that the railroad company had given the bond required, and already entered upon the land, and was using the same for the purposes of a right of way.   The tenth section declares that "The judge or court shall, upon such report, proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon such property and use the same upon payment of full compensation as ascertained as aforesaid." Where the petitioner had not already entered upon the property, the order provided for in the latter part of the section, as quoted, would be necessary.   But where the petitioner had already entered under statutory authority, such an order would be quite unnecessary.

We are of opinion that, under the circumstances, the judgment is not defective in form, and finding no error in the record, it is affirmed.

*Judgment affirmed.*