GLENN *v.* BRUSH.

1. In an affidavit for a continuance, facts must be set forth with sufficient certainty to enable the court to determine the materiality of the evidence, and to enable the opposite party, if he thinks proper, to admit them and go to trial.

2. It is not error to refuse to strike out pleas which are merely cumulative, and which tender the same issue tendered by an objectionable plea subsequently filed; neither is the filing of such subsequent plea a waiver of the objectionable pleas.

3. The statute (R. S. 311) authorizes the clerk of the district court to appoint commissioners to take depositions, and does not require that the place of taking a deposition shall be named in the notice, but the time and place shall be fixed by the officer taking the same. A substantial compliance with the statute in this regard is all that is necessary.

4. It is not necessary that the issues be made up in a cause prior to the issuing of a dedimus and taking depositions. All that is necessary is that the cause be pending.

5. In an action of replevin against a sheriff the latter may prove special property in himself by showing that he holds the property under a writ of attachment.

6. In such an action the plaintiff will not be permitted to prove declarations made by the sheriff to contradict his return as to the time the writ of replevin was levied.

7. Where a judgment is offered in evidence to show title, and it appears that such judgment is pending in a court of review upon a writ of error operating as a supersedeas: *Held*, that such judgment is suspended for all purposes, and is therefore inoperative as evidence of title.

## *Error to the District Court of Arapahoe County.*

THIS was an action of replevin, brought in August, 1871, by Lockhart T. Glenn and George O. Talpey against Jared L. Brush, sheriff, in the Weld county district court, to recover possession of a herd of Texas cattle, numbering between seven hundred and eight hundred head, a number of calves, being the increase of the herd, six horses, two yoke of work oxen, a wagon, etc.

This property had been seized upon and detained on a writ of attachment issued out of the Weld county district court, on the 22d day of September, 1870, at the suit of *J. W. Doane et al.* v. *Oliver S. Glenn and Rufus E. Talpey.*

Lockhart T. Glenn and George O. Talpey, who claimed to

be the owners of the property, and in whose possession it was at the time of the levy of the attachment writ, filed their interplea under the statute, and demanded a trial of the right of property. Issue was joined on the interplea, and by consent the cause was brought to Arapahoe county, tried at the regular June term, 1871, of the district court; the trial resulted in a verdict for the interpleaders — the plaintiffs in this case — and the court rendered judgment on the verdict.

On the 25th of August, 1871, the plaintiffs sued out their writ of replevin, having made demand of Brush, and served him with notice of the judgment. The writ was served upon Brush, August 28th, 1871, and on the 30th day of August, 1871, the coroner, who had the writ to execute, obtained possession of the property and turned it over to the plaintiffs, Lockhart T. Glenn and George O. Talpey.

In the meantime, that is, on the 29th of August, the attorneys for Doane *et al.* placed in the hands of Brush another attachment writ at the suit of *J. V. Farwell et al: v. Oliver S. Glenn and Rufus E. Talpey.* This writ Brush assumed to execute by levy upon this same property, which had already been adjudged in the plaintiffs in this suit, and after service upon him (Brush) of the replevin writ.

The declaration in replevin contained two counts, — in the *cepit* and *detinet.*

The defendant pleaded: First, — *non cepit;* Second, — *non detinet;* Third, — *Actio non,* because, he says that heretofore, to wit: on the 23d day of September, in the year of our Lord one thousand eight hundred and seventy-one, Hugh T. Munson was the sheriff of the said county of Weld and Territory of Colorado, and that on the day and year last aforesaid, a writ of attachment came into the hands of said Hugh T. Munson as such sheriff, issued by the clerk of the district court of the first judicial district of Colorado Territory, within and for the county of Weld, bearing date on the 22d day of September, A. D. 1870, in a certain suit wherein John W. Doane, Patrick J. Towle and John Roper, partners under the firm name and style

of J. W. Doane & Co., were plaintiffs, and Oliver S. Glenn and Rufus E. Talpey, partners under the name and style of Glenn & Talpey, were defendants, for the sum of seven thousand one hundred and four dollars and twenty-eight cents, which said writ of attachment was directed to the said Hugh T. Munson as sheriff of Weld county to execute, and being in full force and effect, was placed in the hands of the said Hugh T. Munson as such sheriff to execute, and the said defendant avers that by virtue of said writ of attachment the said Hugh T. Munson, as said sheriff aforesaid, did, on the said 23d day of September, A. D. 1870, and in the life-time of the said writ of attachment, at the county aforesaid, take the said goods and chattels in the said declaration mentioned, and levy upon the same by virtue of the said writ of attachment, as the property of the said Oliver S. Glenn and Rufus E. Talpey, the defendants in said suit, and the said Munson took the said goods and chattels into his possession, according to the statute in such cases made and provided, to answer and abide the judgment of the court in said suit. And the said defendant further avers that afterward, to wit, on the 3d day of November, A. D. 1871, the said Hugh T. Munson turned the said goods and chattels over to this defendant as his successor in office, according to the provisions of the statute in such cases made and provided, the said Munson's term of office having expired prior to the turning over, as aforesaid, of the said goods and chattels, in the said declaration mentioned, being duly elected and qualified sheriff of said Weld county. · And the said defendant further avers that at the time of the commencement of this suit and of the service of the writ of replevin issued therein on the defendant, the said suit between the said J. W. Doane & Co., and the said Oliver S. Glenn and Rufus E. Talpey still remained undetermined, and that he held the said goods and chattels in the said declaration mentioned, as sheriff of said county, to answer and abide the judgment in said suit.

And the said defendant further avers that the said goods and chattels in the said declaration mentioned was the prop-

erty of the said Oliver S. Glenn and Rufus E. Talpey, and were subject to be levied upon by said writ of attachment; without this that the property of the said goods and chattels, or any part thereof, at the same time when, etc., was in the said plaintiffs, as by their said declaration is above supposed, and this the said defendant is ready to verify. Wherefore he prays judgment, etc.

Fourth,— a similar plea to the third, setting up in the inducement, the *alias* attachment issued in the case of Doane *et al.;* and fifth, a plea also like the third, setting up in the inducement, the writ of attachment in the case of *Farwell et al.* v. *Oliver S. Glenn and Rufus E. Talpey.* Subsequently the defendant filed a sixth plea, " *actio non*, because the property in the goods and chattels, when, etc., was in Rufus E. Talpey and Oliver S. Glenn, without this, that," etc. The plaintiff contended that the last plea presented the same issue tendered by the third, fourth and fifth pleas, to wit: that the property was not in the plaintiffs, but in Oliver S. Glenn and Rufus E. Talpey, and that if the defendant desired to justify he should have done so by way of confession and avoidance, not by way of special traverse, that the pleas were cumulative and needlessly incumbered the record. The motion to strike out the third, fourth and fifth pleas was overruled, and the overruling this motion is one of the errors assigned. Demurrers to these pleas were overruled and the plaintiff replied severally, *precludi non*, because the property in the goods and chattels was not in Oliver S. Glenn and Rufus E. Talpey ; concluding to the country.

The plaintiffs also filed a motion in the district court to suppress the deposition of R. B. Foster and C. W. Kelsey, urging, among other objections, that the dedimus directed the depositions to be taken in the case of Lockhart T. Glenn and George O. Talpey against Jared L. Brush, and that it appeared by the certificate of the commissioner that the depositions were taken in a suit wherein Hugh T. Munson, John W. Doane, Patrick J. Towle, John Roper, Wolf Londoner and J. Sidney Brown were defendants, instead of

Jared L. Brush.   In the caption of the depositions, however, the cause was properly entitled.   The motion was overruled, the plaintiffs excepted, and error is assigned upon the overruling of this motion.

During the progress of the trial the following questions were propounded to the witness Lockhart T. Glenn :

Q.   "Did you hear the description of this property that I first read from the record to the jury?"   A. "Yes, sir, I heard part of it at least."   Q. "Can you state whether that property described in the record is the same for which this action is brought?"   which was objected to as leading, the objection was sustained and plaintiffs excepted.

The following instructions were given to the jury over the objections of the plaintiffs :

"If J. W. Doane & Co. have prosecuted a writ of error to the supreme court of the United States to reverse the judgment which was given in favor of the plaintiffs as their interpleaders in the attachment suit, and have given a bond to prosecute such writ of error, the alleged transcript of which was read in evidence, then such judgment is no longer evidence of any right in the plaintiffs, and you are to cast the same out of your consideration.

"If the jury believe, from the evidence, that the property in question belonged to Oliver S. Glenn and Rufus E. Talpey, and not to the plaintiffs, at the time of bringing this suit, then the jury should find for the defendant whether a debt was due from Oliver S. Glenn and Rufus E. Talpey to the said Doane & Co. and Farwell & Co. or not."

The jury found a verdict for the defendant upon which judgment was rendered, and to reverse said judgment Lockhart T. Glenn sued out this writ of error.

Messrs. FRANCE & ROGERS, for plaintiffs in error.

Messrs. CHARLES & DILLON, for defendant in error.

STONE, J.   A motion was made for a continuance, based upon an affidavit made by one of the attorneys of the plaintiffs.

It is stated in the affidavit that one Rufus E. Talpey is a material witness for the plaintiff; that he is sick; that by him they can prove the ownership of the property in question to be in the plaintiffs.

Ownership involves the legal or rightful title, and whether one has a title to property depends upon facts: certain facts must be proven to show title. In an affidavit for a continuance, facts must be set forth with sufficient certainty to enable the court to determine the materiality of the evidence, and to enable the opposite party, if he thinks proper, to admit them and go to trial.

The affidavit fails to state a single fact which would tend to establish ownership of the property in the plaintiffs. The motion for a continuance was properly refused. *Mc-Bain* v. *Enloe*, 13 Ill. 76 ; *Moody* v. *The People*, 20 id. 315 ; *Cody* v. *Butterfield*, 1 Col. 379.

The second error assigned is the overruling of the plaintiffs' motion to strike the third, fourth and fifth pleas from the files. The objection is, that they are cumulative and unnecessary, and are waived by the sixth plea, which tenders the same issue, and are sham pleas.

A sham plea is a plea put in for the mere purpose of delay, of matter which the pleader knew to be false. These pleas have no such characteristics ; appear to be true and capable of proof, and the jury have said by their verdict that they are true. It is said that they are cumulative and unnecessary; that the same facts can be given in evidence under the sixth plea. If we concede this, the question wherein consists the reason for objecting to them is pertinent.

The fourteenth section of the Practice Act declares that "the defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense.

The defendant has done nothing more than avail himself of his privilege. In his third, fourth and fifth pleas he sets out, and we think properly, the special character of his claim to the possession of the property, the title to which is in dispute.

The plaintiffs have no just cause of complaint for being thus more fully informed by their opponent of the whole defense they have to meet. *Amos v. Sinnott,* 4 Scam. 440.

It is argued that these pleas, being in the nature of *special traverse,* and not in *confession* and *avoidance,* are bad. The only reason assigned by the learned counsel who argued the case is, that the only traversable matter tendered by the issue was the ownership of the property, and that this issue was well tendered by the sixth plea, and that these special pleas incumbered the record.

The real issue was the ownership of the property, and a plea that properly tendered that issue was certainly a proper plea by itself, and if good alone, the fact that another good plea tendering the same issue was filed, would not render bad the first plea.

Counsel admit that a special traverse, in replevin, is proper, and that these three pleas are special traverses, and in that respect are like the sixth plea, and for that reason should be stricken from the files. As we have seen, the statute allows several pleas, and the motion to strike them from the files was properly overruled. *Hunt v. Chambers,* 21 N. Y. 620 ; *Anderson v. Talcot,* 1 Gil. 365 ; *Rogers v. Arnold,* 12 Wend. 30 ; *The Mount Carbon Coal and R. R. Co. v. Andrews,* 53 Ill. 176 ; *Dayton v. Fry,* 29 id. 525 ; *Chandler v. Lincoln,* 52 id. 74.

The third error assigned is the overruling the motion to suppress the deposition of R. B. Foster and C. W. Kelsey.

*First.* Because the commissioner who took the deposition was appointed by the clerk of the district court. It was held by this court, in *Ford v. Rockwell,* 2 Col., that such appointment was authorized by the statute.

*Second.* That the plaintiff had no proper and sufficient notice to take the depositions. Notice was given that the defendant would sue out a *dedimus potestatum,* directed to P. C. Bush, of the town of Elizabethtown, in the county of Denton, State of Texas, as commissioner to take the depositions of R. B. Foster and C. W. Kelsey, of

said county of Denton. The commissioner certifies that the depositions were taken in the town of Elizabeth, county of Denton, State of Texas.

The statute provides that the time and place of taking the depositions shall be fixed by the officer taking the same. It does not require that the place where the deposition will be taken shall be stated in the notice. The notice given fully met the requirements of the statute ; and a substantial compliance in all that is necessary. *County of Green* v. *Bledsoe*, 12 Ill. 267 ; *Curtis* v. *Martin*, 20 id. 572. The commissioner is directed to examine R. B. Foster and C. W. Kelsey. He certifies he has examined the persons named as witnesses, and each for himself answers that his name is R. B. Foster and C. W. Kelsey, and the court will not assume they had any other name. The stipulation of counsel, made part of the record in this case, shows the *dedimus* to be under the seal of the proper court.

It is not necessary that the issues be made up prior to the issuing of a *dedimus* and taking depositions. All that is necessary is, that the cause be depending. Rev. Stat., p. 311, § 8.

Sufficient appears to show that the depositions were taken, in this case, and with reference to the subject-matter of the suit. *Rockford, R. I. and St. Louis R. R. Co.* v. *Coppington*, 66 Ill. 510 ; *Voice* v. *Lawrence*, 4 McLean, 205.

The fifth error assigned is in sustaining an objection made to the questions propounded to the witness, Lockhart T. Glenn : " Can you state whether that property described in the record is the same for which this action is brought ? "

" Do you know whether or not the property described in the record is the same for which this action is brought ? "

What record is referred to does not appear. The questions are not leading, but immaterial and irrelevant, and inasmuch as the facts sought were elicited from the witness by other questions, the plaintiffs were not prejudiced by the ruling of the court.

The sixth error assigned in this case is the admitting in evidence certain proceedings in attachment in suits of *John*

*V. Farwell et al. and J. W. Doane et al.* v. *Oliver S. Glenn and Rufus E. Talpey.* This evidence tends to prove a special right of property in the defendant, by showing that he held it under the writs mentioned in his third, fourth and fifth pleas, and was properly admitted. *Dayton* v. *Fry,* 29 Ill. 525.

An *alias* writ is a second or further writ which is issued after the first writ has expired, and is authorized by statute. Rev. Stat., p. 63, § 31 ; p. 64, § 35, and p. 501, § 6.

The *alias* writ was a good writ. What the first or original writ was does not appear in the record. The *alias* writ was properly admitted in evidence.

The seventh and eighth errors assigned are to the refusal of the court to let the plaintiffs prove a conversation between the coroner and the defendant, at the time of the levy of the writ of replevin, as to the time it was levied.

If offered for the purpose of contradicting the officer's return, it was properly rejected ; and if for any other purpose, it was not material or relevant, having no tendency to prove or disprove any issue in the case.

The ninth assignment of error relates to the admission in evidence of the depositions of Foster, Kelsey and Shipley, for the reason that such testimony contradicted the record already in evidence, of a judgment in the case of *Doane et al.* v. *Lockhart T. Glenn and George O. Talpey,* interpleaders. This judgment was introduced to show title to the property in the plaintiffs ; and the objection to this evidence is based upon the assumption that the judgment was in full force and effect.

The record shows that at the time the judgment was offered in evidence, the plaintiffs in that suit had sued out a writ of error to the supreme court of the United States, and had given bond and security as required by law, to make the writ of error operate as a supersedeas. That such proceedings had the effect of staying execution upon the judgment, or the right to bring action upon the judgment, is conceded by counsel in argument ; but that for all other purposes the judgment is operative.

The object of a writ of error is to review and correct an error of law, and it is no bar to further proceedings, unless bond and security is given; when that is done the writ operates as a supersedeas; the party cannot afterward proceed to execute his judgment until the appellate court has rendered its judgment thereon. The judgment of the court below in the meantime is suspended; and a suspended or inoperative judgment is not evidence of title. It is suspended for all purposes until affirmed or reversed by the supreme court. If affirmed, it is binding; if reversed, it is a nullity.

We are aware there are decisions at variance with this opinion, but it is fully sustained by authority and reason. *Woodbury* v. *Bowen*, 13 Cal. 634; *McGarrahan* v. *Maxwell*, 28 id. 91; *Thornton* v. *Mahoney*, 24 id. 569; *Byrne et al.* v. *Prather*, 14 La. 663; *Turnbull* v. *Cureton*, 9 Martin (O. S.), 37, 68; *United States* v. *Pacheco*, 20 H. 263; *Ambrose* v. *Weed*, 11 Ill. 488–491; *Helmer* v. *Boone*, 6 J. J. Marsh. 353, 356; *Hayes* v. *Ordway*, 52 N. H. 284; *Taylor* v. *Shew*, 39 Cal. 536; *Sherman* v. *Dilley*, 3 Nev. 21; *Griffith* v. *Seymour*, 15 Iowa, 33; *Campbell* v. *Howard*, 5 Mass. 376.

The judgment being suspended was not evidence of title in the plaintiffs. The depositions were properly admitted.

The judgment not being evidence of title in the plaintiffs, the instruction of the court, that if the judgment obtained by the plaintiffs in the interplea is pending on error, operating as a supersedeas, then such judgment is no longer evidence of any right in the plaintiffs, was correct.

As the plaintiffs were in no way prejudiced by the introduction in evidence of the order of the court staying the proceedings in the cause after judgment, we express no opinion upon the legality of this order.

The gist of this action is the traverse of the property of the plaintiffs, and it devolved upon them to show a title to the property in themselves.

The court was right in giving the instructions that it did, and in refusing those asked by the plaintiffs.

The judgment is                    *Affirmed.*

BRAZEE, J., dissenting.   The following facts are disclosed by the record.

On the 14th day of December, 1870, John W. Doane, Patrick J. Towle and John Roper sued out an attachment against the property of Oliver S. Glenn and Rufus E. Talpey, which was levied upon the property, and served personally on one defendant on the 14th of December, 1870, and on the other, the 28th day of July, A. D. 1871. At some time, but when does not appear, Lockhart T. Glenn and George O. Talpey filed their interplea in that suit, averring the writ by which the property in question had been taken, and averring that they were and had been the owners of that property from May 27th, 1870, and were entitled to the possession thereof; that it was unlawfully detained by J L. Brush, as sheriff, and praying that the property be adjudged to them.   To this interplea the plaintiffs in the suit, at the December term, 1870, plead that the property "levied upon by virtue of said writ of attachment *  *  *  and described in the interplea was not the property of Lockhart T. Glenn and George O. Talpey at," etc., and they were not entitled to the possession, etc.

On the 22d day of July, 1871, at the trial of the attachment suit, the jury found a verdict for the interpleaders. On the 27th of July, after a motion for a new trial had been denied, judgment was rendered, "that the property taken by virtue of the writ of attachment in this cause be delivered to the said Lockhart T. Glenn and George O. Talpey, and that a writ of *retorno habendo* be awarded."   On the 25th day of August, 1871, a notice of this judgment was served on Jared L. Brush, the sheriff, who was in possession of the property and is the defendant at bar, and the property was demanded of him by the interpleaders, who are the plaintiffs at bar, and was not delivered; at this time the plaintiffs' alleged cause of action, upon such demand and refusal, had its inception, and on the same day the writ of replevin herein issued at the suit of Lockhart T. Glenn and George O. Talpey, against Jared L. Brush,

sheriff, to cause the property in question to be delivered to them. This writ was served on Brush the 28th day of August.

In his fifth plea Brush seeks to justify his detention of the property under a writ of attachment sued out by John V. Farwell & Co., against the property of Oliver S. Glenn and Rufus E. Talpey, on the 29th day of August, 1871, and levied on the property in question on that day.

This he cannot do, because the Farwell writ had not been issued at the time of the demand of the property of him on the 25th, nor when that writ was served personally on him, the 28th. It is clear that the Farwell writ is plead in bar of the original detention at a point of time when it had no existence. Under this state of pleading, the Farwell writ cuts no figure, because the rights of the parties under the pleas must be adjusted according to their respective interests in the *rem* when the plaintiffs' alleged cause of action arose. The Farwell writ not being in existence then, cannot legitimately affect the rights of the parties then; it was, therefore, improperly received in evidence after objection; it may, for aught I can see, have influenced the verdict; at any rate it is not clear that it did not influence the verdict to the plaintiffs' prejudice. I think error well assigned in respect to its admission.

It remains to be considered whether Brush can justify the detention of the property, by virtue of the attachment in the Doane suit referred to. We have seen that judgment had gone in favor of the interpleaders in that suit, who are the plaintiffs at bar, and they base their claim to the property in this case upon the judgment in that. It is claimed that Brush, the sheriff, was not a party to the Doane suit, and therefore was not bound by the judgment in it. By reference to his third and fourth pleas it will be seen that he justifies the detention of the property under the attachment in that suit, and avers that he held it to abide the judgment in that suit. According to his own pleas, he is bound by that judgment. As the mere custo-

dian of the property after Doane & Co. failed to establish
their right to it, and the property hâd been adjudged to
the plaintiffs herein, there is no hardship in holding him to
his plea, that he is bound by the judgment for the return of
the property, unless, by the subsequent proceedings in that
case, he can justify the detention.

After the judgment, by the order of the court in that
case, Doane & Co. were given thirty days to procure a writ
of error and supersedeas, and it was ordered " that all pro-
ceedings upon the said judgment  *  *  *  be stayed dur-
ing the said thirty days." I assume this order was made
the day the judgment was given, in the absence of any
thing showing when it was made. It is claimed the court
had no power by order to suspend its judgment. The
question arising upon this claim is important. There is no
statute of Colorado authorizing the practice. Has the court
at common law this inherent power? At common law
the mode of suspending the execution of a judgment was
by a writ of supersedeas. It is true that a court of record
at common law has control over its judgments during the
term at which they are granted, but it will be seen that this
power exists for certain purposes, viz.: correcting the judg-
ment in respect to clerical errors, and in some cases, to
alter, revise or revoke it ; but in such case it must be made
to appear that the entry, as made, does not conform to the
intention of the court when it was ordered. A judgment
may be vacated for irregularity, or because it is a nullity ;
and a judgment by default regularly taken, proper in form,
under certain circumstances may be set aside to let in a
meritorious defense at the term at which it is rendered,
upon proper showing. ❧This I believe to be the extent to
which the control of a court over its judgments, independ-
ent of statutes, has ever gone. I have not been cited to
any case, nor have I found one, where a court of record
having jurisdiction after the regular course of procedure,
after the hearing and deliberations had thereon, has given
judgment proper in form, in conformity with the intention,

and then stayed proceedings upon that judgment, except in pursuance of some statutory authority. It would seem that a court stultifies itself, when in one breath it gives judgment for the *rem*, and at the same time by its arbitrary mandate, says this judgment shall not at present be executed against the wrong-doer, who holds the thing in violation of the owner's right. There would be manifest injustice, it seems to me, in thus depriving the owner of his property, in the interest, or for the convenience of an adjudged tortious possessor, without any security whatever that the *rem*, or its value, should at any time be forthcoming. During the stay the property might be removed by the wrong-doer beyond the jurisdiction, and the rightful owner be thereby deprived of his property, and justice be defeated.

An interpleader in an attachment suit, having judgment in his favor, would be without any adequate remedy, the bond in such case only running to the benefit of the original defendant. If a court may thus suspend its judgment for thirty days, it may for a longer time, and in fact indefinitely postpone its execution. It will hardly be contended that the court had the right to incorporate the stay contained in this order in its judgment, how then can it be maintained that it had authority, after judgment, to make the order suspending it. It is my opinion that the court had no power to make the order for a stay of proceedings on the judgment. If it was without authority to make such order, the order was void. What is said of a void judgment may be said with equal propriety of a void order. By it no rights are divested; from it no rights can be obtained. It neither binds nor bars any right of property. This order purported to be in force when the plaintiffs' cause of action herein is claimed to have arisen — the 25th of August, 1871 — when the property was demanded; being admitted in evidence, the jury had a right to infer that it was then in force, and that, by force of the order, the plaintiffs then had no right to the possession of the property, and therefore no right to recover the possession in this action.

The order, if void, was erroneously admitted in evidence; may have prejudiced the plaintiffs' case, and naturally tended to the plaintiffs' prejudice.

It is to be determined whether the judgment of the district court was superseded by the writ of error to that court. It is claimed that this judgment was superseded by an order upon the exceptions that the writ might operate as a supersedeas. This order was not put in evidence, and there is no evidence of the order, nor of its contents, except inference from the memorandum of the clerk indorsed on the writ, and it might, therefore, be held that there is no evidence of any order having been made by the judge upon the exceptions that the writ might operate as a supersedeas. Considering, however, that this order was made, in proper form and substance, still the case is barren of any proof that the writ of error operated as a supersedeas. Something more than the order of the judge upon the bill of exceptions was necessary to effectuate the supersedeas, to wit: a bond.

Section 48 of the Practice Act provides that " no writ of error shall operate as a supersedeas, unless the supreme court, or, if application be made therefor in vacation, some justice of the supreme court,   *   *   shall order such writ of error to be made a supersedeas ; *nor* until the party applying for such writ shall file a bond in the office of the clerk of the supreme court," etc. Now, it does not appear in evidence that any such bond was filed. Without it, under our statute, a supersedeas did not go with the writ of error. The memorandum of the clerk does not recite the filing of a bond. I do not believe the court can legitimately infer from the memorandum that the bond was filed. I do not feel at liberty by inference to interpolate in the clerk's memorandum a statement of the fact of the filing of the bond. That such inferences cannot be invoked to support like ministerial acts of a sheriff by supplying by induction omissions in his return is well settled. The proper evidence of the filing of the bond, without which no supersedeas can go

with a writ of error under our statute, is the bond itself with the file mark of the clerk indorsed, or a certified copy thereof. My conclusion is, that the execution of the judgment of the district court was not, so far as the evidence shows, superseded.

On the 26th day of March, 1872, a writ of error to the supreme court issued to remove its record and judgment in the Doane case into the supreme court of the United States. On the 5th day of November, 1873, the cause at bar was tried and judgment rendered. On the trial, the court, among other things, instructed the jury:

"If J. W. Doane & Co. have prosecuted a writ of error to the supreme court of the United States to reverse the judgment which was given in favor of the plaintiffs as their interpleaders in the attachment suit, and have given a bond to prosecute such writ of error, the alleged transcript of which was read in evidence, then such judgment is no longer evidence of any right in the plaintiffs, and you are to cast the same out of your consideration."

This instruction was erroneous in any view I can take of the case. The writ of error to the supreme court of Colorado and the bond did not operate as a supersedeas under the statute, for the reason that there was not a scintilla of proof to show that the writ of error had been served as provided in the 23d section of the Judiciary Act of 1789, which was in force when this instruction was given. The last clause of section 22 of that act says that every justice signing a citation on any writ of error shall take good and sufcient security that the plaintiff in error shall prosecute his writ to effect, etc. Section 23, referred to, enacts:

"That a writ of error, as aforesaid, shall be a supersedeas and stay executions in cases *only* where the writ of error is *served by a copy thereof being lodged for the adverse party in the clerk's office*, where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of."

There is no evidence that the copy of the writ was ever

lodged with the clerk within the ten days. The gist of this instruction to the jury was, that if the bond had been given and the writ had issued, the judgment was thereby superseded. Such is not the law, and the instruction was therefore erroneous. This instruction assumed that there was evidence from which the jury might infer that the judgment had been superseded. The evidence did not warrant any such inference. This instruction was excepted to by the plaintiffs in error; it is assigned for error, and insisted on at the argument, though for another reason. I think this error well assigned.

In the course of the proceeding in the case at bar, a motion was made to suppress the depositions of R. B. Foster and C. W. Kelsey, which had been taken on commission in Texas. One ground of the motion was based on the contradictory character of the commissioner's return, which in its caption showed that the witnesses were sworn in the case at bar, and in the certificate at the end of the report, showed they were sworn in some other action. It is not probable they were sworn in two actions. It is impossible to say from the report of the commissioner in which action they were sworn. I cannot determine from this contradictory report that the examination of these witnesses were taken according to the provisions of the statute of this most material matter of the administration of the oath to them. Until that appeared so that it could be judicially determined, these depositions were not competent evidence in my opinion. The motion to suppress, I think, should have been granted, instead of overruled, for this reason; and the defendant's objection at the trial to their being received in evidence should have been sustained, instead of being overruled, for the same reason.

The judgment, in my opinion, should be reversed.

NOTE.—The plaintiff in error filed a motion for a rehearing in the above cause, upon the following grounds:

*First.* The court holds the attachment writs offered in evidence were properly admitted, because they tended to prove a special property in the

defendant, while it does not appear by the record that the defendant pleaded property in himself. *Second.* The court holds the motion to strike out the third, fourth and fifth pleas properly overruled, because they tendered the same issues as the sixth plea. While our objection to those pleas goes not only to the motion to strike out, but also to the admission of evidence under them, the evidence admitted did not tend to prove the issue tendered by these pleas. *Third.* That the court has misconceived the effect of these pleas, and that the authorities cited by the court do not militate against the position assumed by the plaintiff. *Fourth.* The court errs in saying that the plaintiff concedes the same evidence may be given under the sixth as was given under the third, fourth and fifth pleas. The plaintiff contended and still insists that the evidence in the matters of justification were not admissible under any of the pleas in the record. *Fifth.* The court errs in affirming the ruling of the court below in its instruction to cast the judgment in the interplea out of the consideration of the jury. Because the record shows the admission of the judgment without objection, that there was no motion to strike it out, and the plaintiff was not given an opportunity to produce other proof; because the exclusion of the judgment was not effected until after the case had been argued and submitted to the jury, and the plaintiff may not be charged with laches when supported by authority. *Sixth.* Because this court erred in treating the third, fourth and fifth pleas as pleas of justification, and in order to make the defenses operative, the defendant must have shown a debt from the defendants to the plaintiffs in the attachment suits, whereas the court held and instructed the jury that no debt was necessary to be proved. *Seventh.* This court erred in treating the writ of error purporting to issue from the supreme court of the United States to this court upon the judgment of the interplea as relevant and material under the issues joined, whereas if this was any defense, it arose after the commencement of the above entitled cause, and should have been so pleaded.

Motion for rehearing denied.