### Chicago Typographical Union No. 16 v. A. R. Barnes & Company et al.

#### Gen. No. 13,040.

1. CONTEMPT—*effect of appeal from injunctional order upon jurisdiction of court to punish for.* A court may punish a violation of an injunctional order notwithstanding such order has been appealed from and the appeal remains undetermined.

2. CONTEMPT—*power of court to impose compensatory fine.* It is within the power of a court of equity to impose a fine to serve as well for punishment as for compensation to the party injured by reason of the violation of the injunction which is made the basis of the contempt proceedings.

3. VOLUNTARY ASSOCIATION—*right to join as defendant.* A voluntary association in equity may be sued as such without the joinder of its individual members where its membership is large.

Injunctional proceeding. Appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed May 14, 1907.

**Statement by the Court.** This is an appeal from a decree imposing upon appellant a fine of $1,000 for contempt of court in violating an injunction by which appellant, its officers and persons acting in combination with them were restrained from obstructing and interfering with appellees in the conduct of their business. The bill of complaint upon which the injunction issued, and the injunction order which the defendants are charged with violating, are set forth at length in the statement preceding the opinion of this court in Chicago Typographical Union et al. v. A R. Barnes & Co., *post*, p. 20, which was an appeal from the final order making the injunction in contro-

12    APPELLATE COURTS OF ILLINOIS.

VOL. 134.]    Chicago Typo. Union No. 16 v. Barnes & Co.

versy permanent. That cause and this were consolidated for hearing and argued together. After the appeal from that final order was perfected complainants in that cause filed a petition charging violations of the injunction. The petition alleges that since the injunction issued appellant and others have maintained a picket system around the plants of the said complainants, in violation of the injunction, have intimidated their employes, threatened them with bodily injury, kept up an organized system of enticing such employes away, and that the president and officials of the appellant union have been in active charge of these violations. A rule to show cause was entered, to which the defendant union and its president filed their answer. Upon the hearing the Superior Court found that the respondents, the Chicago Typographical Union No. 16, Edwin R. Wright and Edward E. Bessette, had, at the time of its entry, knowledge of the order of this court of October 11, 1905, granting a temporary injunction, and also had, at the time of its entry, knowledge of the final decree entered on October 24, 1905, making such injunction permanent, and that said respondents have and each of them has since the entry of said order and decree and prior to December 9, 1905, violated said injunction and decree as charged in said petition. It was found that all of the acts so committed were a direct and wilful violation of said orders and a contempt of the court. Thereupon said Wright was fined $100 and sentenced to imprisonment for thirty days in the county jail; Bessette was fined $50 and sentenced to imprisonment for a like period and the union was fined $1,000. There is a provision in the final order that in default of immediate payment of the fine imposed upon the union, execution "issue in the name of the People for the use of complainants."

Respondents by their answer to the petition deny that they or either of them have directly or indirectly authorized or instigated any acts in violation of the injunction, and they set up the pendency of the appeal

taken to this court from the final order of injunction, claiming that pending said appeal all "right, power, jurisdiction and control of said Superior Court of. Cook county" to enforce the provisions of the final injunction were superseded and suspended. The answer also sets up other matters apparently intended to show that the injunction was improperly issued in the first place.

WILLIAM H. BARNUM, for appellant.

TENNEY, COFFEEN, HARDING & WILKERSON, for appellees; HORACE KENT TENNEY and JAMES H. WILKERSON, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant earnestly contends that "in the absence of any statutory provision to the contrary, a perfected appeal from a decree deprives the court appealed from, during the pendency of such appeal of power or jurisdiction to enter further orders or decrees in the case," including the power to punish for violations of the injunction. In support of this contention the following cited from section 541 of Elliott on Appellate Procedure will serve to show the nature of the claim thus insisted upon. "The overwhelming weight of authority is that an appeal properly perfected removes a case wholly and absolutely from the trial court and places it in the higher tribunal. * * * After the cause leaves the lower court it cannot act upon any question, involved in the appeal." Conceding the accuracy of this statement, it still remains to be determined whether in the case before us the right of the chancery court which granted the injunction to prevent its violation by contempt procedure, is a "question involved in the appeal" from the order granting the injunction.

It appears from the record that an appeal was allowed from the final injunction order which appellant

14    APPELLATE COURTS OF ILLINOIS.

VOL. 134.]    Chicago Typo. Union No. 16 v. Barnes & Co.

is punished for violating, upon an appeal bond "in the sum of one hundred dollars," and it was ordered that perfecting such appeal should not stay the operation of the injunction. Without reference to whether the allowance of the appeal and its prosecution upon such condition instead of by writ of error was in effect a waiver by appellant of the right of objection to the condition so imposed, we cannot assent to the contention that an appeal from an order granting a prohibitory injunction entered by a court of competent jurisdiction as in this case, deprives the court which granted it of all jurisdiction and power to prevent its violation and punish for the contempt until such appeal is finally disposed of. In O'Brien v. The People, 216 Ill. 354-364, it is said that "jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous decision, however erroneous that decision may be" (citing cases) and it is further said that where the allegations of a bill give the court jurisdiction to pass upon its sufficiency (p. 365) "whether the court decided correctly or incorrectly could not affect the question of jurisdiction, nor the duty of all persons having notice to obey the order until reversed by a court of competent jurisdiction." In Franklin Union v. The People, 220 Ill. 355-369, it is said: "The principle is of universal force that the order or judgment of a court having jurisdiction is to be obeyed no matter how clearly it may be erroneous." Christensen v. The People, 114 Ill. App. 40-58; Sumner v. Village of Milford, 214 Ill. 388-393. If it is the duty of all persons to obey the order, whether correctly or incorrectly entered, can it be that the court which entered it with jurisdiction so to do has no jurisdiction to enforce such duty and compel obedience to it until it is reversed by a court of competent jurisdiction, notwithstanding an appeal to determine the correctness of the injunction order itself? *In re* Debs, 158 U. S. 564-596, it is said, quoting from Cartwright's case, 114 Mass. 230-238: "The summary power to commit and punish for contempts

tending to obstruct or degrade the administration of justice is inherent in courts of chancery and other superior courts, as essential to the execution of their powers and to the maintenance of their authority, and is part of the law of the land within the meaning of Magna Charta and of the twelfth article of our declaration of rights,''   *   *   *   (p. 599) ''that the proceeding by injunction is of a civil character and may be enforced by proceedings in contempt;'' and (p. 595) that ''a court without the power to protect itself against the assaults of the lawless or to enforce its orders, judgments or decrees against the recusant parties before it would be a disgrace to the legislation and a stigma upon the age which invented it.'' We do not understand that an appeal from an injunction order or decree deprived a court of this inherent power to punish for its violation. Though the order should subsequently be reversed, until it is reversed by an appellate tribunal it remains a valid order, just as the lien of a judgment is still a valid lien pending an appeal from the judgment itself. A proceeding for contempt against those violating it is not a proceeding to enforce the injunction itself. An injunction order is effective against all who have notice of it from the time of its entry. It requires no writ of execution to enforce it. There is nothing to be stayed by an appeal from it. Such appeal raises only the question of its propriety, where the court had jurisdiction to enter the order. It is still the ''duty of all persons having notice to obey the order until reversed by a court of competent jurisdiction.'' To compel such obedience is, we think, an exercise of the court's inherent ''power to protect itself against the assaults of the lawless,'' from ''contempts tending to obstruct or degrade the administration of justice.'' In a contempt proceeding the propriety of the order granting the injunction is not a subject of consideration. An appeal from it does not of itself bring before the reviewing court anything that has occurred, any conduct of the parties or acts of the chancery court subsequent to the allowance

16    APPELLATE COURTS OF ILLINOIS.

VOL. 134.]    Chicago Typo. Union No. 16 v. Barnes & Co.

of the appeal. L. S. & M. S. Ry. Co. v. C. & W. I. Ry. Co., 100 Ill. 21-34. Without power in that court to protect itself and litigants against disobedience of its prohibitory orders and decrees pending the determination by a reviewing court of their propriety, it is apparent that the whole benefit of an injunction might be lost to the party in whose favor it is granted. A subsequent punishment for the contempt after, by disobedience of an injunction, irremediable harm has been done, and the whole purpose and effect of the injunction defeated, would neither protect the dignity of the court nor the rights of the party injured. By the mere filing of an appeal bond the defendant would be at liberty to proceed at his leisure in disregard of the order and defiance of the court.

It has been said by our Supreme Court that by perfecting an appeal, proceedings under a judgment are superseded (Ambrose v. Weed, 11 Ill. 488-491); that "the appeal operates as a *supersedeas* granted on a writ of error, or the order of a circuit judge staying a judgment in the Circuit Court" (Oakes v. Williams, 107 Ill. 154-157); that the appeal does not vacate a decree or destroy its lien, it merely suspends the operation of a decree (Walker v. Doane, 108 Ill. 236-247). In like manner an appeal does not vacate or destroy the validity and authority of a prohibitive injunction order or decree, nor suspend the duty of obedience to it, however its operation might be affected in other respects if any. The power of a court of equity to issue the writ of injunction is not conferred by express statute. It is one of the extraordinary remedies growing out of the inadequacy of other means to effect its purpose and protect individual and property rights. A prohibitory injunction operates generally to maintain a *status* existing before the acts enjoined are threatened or undertaken. Appeals or writs of error have the like effect. They maintain the *status* while they are pending. If the power to punish for contempt in violating an injunction is suspended by an appeal from the injunction order itself, such appeal

would no longer serve to maintain but would destroy the *status*. It would practically dissolve the injunction and its subsequent affirmance by an appellate court would in most cases avail the appellee nothing. In Green Bay & M. Canal Co. v. Norrie, 118 Fed. Rep. 923, it was said: "The effect of the *supersedeas* therefore in the present case was not to permit violation of the injunction pending the appeal or to protect the defendant in such violation; for the plaintiff might at any time have instituted proceedings in contempt to the end that the injunction should in the meantime be obeyed." *Idem*, 128 Fed. Rep. 896, affirms this case. In High on Injunctions, 4th ed., 2nd vol., sec. 1431, it is said: "An appeal from a final injunction does not suspend its operation and the doing of the act enjoined may be punished as a contempt notwithstanding such appeal; * * * and the lower court and not the reviewing court is the proper tribunal to entertain such proceeding." Other references in point are High on Injns., sec. 1698; Slaughter House cases, 10 Wall. 273; Hovey v. McDonald, 109 U. S. 150-160; 20 Ency. of Pl. & Pr. 1231; State v. Dillon, 96 Mo. 62; Cent. Un. Tel. Co. v. Board of County Commrs., 110 Ind. 203; Wilkinson v. Dunkley Williams Co., 104 N. W. Rep. (Mich.) 772. The rule is different as to mandatory injunctions. High on Injns., sec. 1698a.

We are told that appellant cannot be sued in its association name in this or any other court. While appellant Union No. 16 is, it is said, a voluntary organization, it insists upon its right as such to prosecute this appeal, and we are of opinion it is entitled to do so. As said in Fitzpatrick v. Rutter, 160 Ill. 283-286: "Its name implied a corporate body. It authenticated its acts by a common seal, exercised corporate powers and it is thus estopped from denying its corporate existence. U. S. Ex. Co. v. Bedbury, 34 Ill. 459." In Franklin Union v. The People, 220 Ill. 355-364, a similar objection is said to have been waived when not raised in the trial court. But a voluntary association may, as

18          APPELLATE COURTS OF ILLINOIS.

VOL. 134.]     Chicago Typo. Union No. 16 v. Barnes & Co.

an exception to the general rule, be made defendant in equity where its members are very numerous—in this case it is said they number at least 2800—and where those who sue or defend do so for the benefit of the whole and may fairly be presumed to represent the rights and interests of the whole. Guilfoil v. Arthur, 158 Ill. 600; Fitzpatrick v. Rutter, *supra*. We are of opinion, however, that the petition must be deemed sufficient.

It is urged that there is want of proof of appellant's guilt beyond a reasonable doubt, and that the order imposing penalties was therefore erroneous, that none of the affidavits filed in support of the petition incriminates the appellant Union, but relate to matters *res inter alios*. The affidavits in support of the petition in the present case tend to show disobedience of the injunction by continuance of the conduct complained of in the original bill. In what respect the evidence is insufficient appellant's counsel do not point out. It tends to show wilful violations of the injunction and supports the finding of the chancellor in that regard. Employes of appellees were, according to the affidavits, threatened, abused, assaulted, beaten and otherwise interfered with by members of the appellant Union, as if the injunction restraining such acts had never been issued. There is evidence tending to show that the union, its members and officials, were actively engaged in thus promoting the purposes of the conspiracy.

There is evidence tending to show that damages were inflicted upon appellees in and by the violations of the injunction. The record itself presents indubitable evidence to this effect. "Hence the court in imposing punishment may do so for the benefit of and by way of compensating the injured party. But such compensatory fine is properly limited in amount to the actual damage sustained by the plaintiff." Encyc. of Pl. & Pr., vol. 4, 800. The amount of the fine imposed on appellant is the same as that imposed in Franklin Union v. The People, 220 Ill. 355 (see p. 381-2), and cannot be

deemed excessive. The judgment order directs the amount of the fine to be paid to the clerk of the Superior Court and in default of immediate payment, directs the issue of an execution in the name of the People for the use of complainants, etc. In Franklin Union v. The People, 220 Ill. 355-381, the court did not deem it necessary to decide the question as to the power of the trial court "after the fine is collected to direct the payment of the whole or any part thereof to the complainants in satisfaction of their damages or expenses." In the same case, Franklin Union v. The People, 121 Ill. App. 647-657-8, it is suggested that when the fine is collected the defendant will then have no further interest in it. If paid to the clerk of the court, as the order in this case directs, the final disposition of it will still be open to further action by the court. In Cary Mfg. Co. v. Acme Flexible Clasp Co., 108 Fed. Rep. 873, the judgment directed a payment by the clerk of half the fine to the complainant, and the power to do so is upheld. We are inclined to think the question is not properly before us for determination under the judgment order in the case at bar; since it is only in default of payment to the clerk that the execution in the name of the People for the use of the complainant is to issue. It may never issue.

We have not deemed it necessary to consider at length in this opinion other questions presented in the voluminous briefs filed. Most of the questions arising in the present case are no longer open to discussion since they have been substantially disposed of in O'Brien v. The People, 216 Ill. 354; Franklin Union v. The People, 220 Ill. 355, and the opinions of the Appellate Court in those or similar cases growing out of the same subject-matter. Upon careful consideration of the entire cause and the arguments of counsel, we discover no material error in the record, and the judgment of the Superior Court must therefore be affirmed.

*Affirmed.*