Schwab *v.* Gingerick.

JOHN SCHWAB, Plaintiff in Error, *v.* JOHN GINGERICK, Garnishee, &c., Defendant in Error.

ERROR TO PEORIA.

Where the finding of a jury is manifestly against the evidence before them, a new trial should be granted.

On an issue between the plaintiff and a garnishee, the answer which the garnishee has made under oath should go before the jury, who may give it such weight as they may believe it entitled to, in connection with all the circumstances of the case.

· THE facts of this case are stated in the opinion of the court.

The cause was heard before KELLOGG, Judge, and a jury, at the March term, 1852, of the Peoria Circuit Court.

N. H. PURPLE, for plaintiff in error.

·O. PETERS, for defendant in error.

TREAT, C. J.   Schwab recovered a judgment against Schultz before a justice of the peace, for $79.31, on which an execution was issued, and returned unsatisfied.   He then sued out garnishee process against Gingerick and Webster, who appeared and admitted that they owed Schultz $100 on two promissory notes, and judgment was entered against them for the amount of the judgment against Schultz.   The garnishee appealed to the Circuit Court, and it there appearing that the notes were assigned before the service of the garnishee process, the plaintiff dismissed the proceeding as to Webster.   Gingerick having denied all indebtedness, a jury was impanelled to inquire what amount was due from him to Schultz.   The plaintiff proved by a witness, that after the service of the garnishee process, and on the same day, Gingerick admitted to him several times that he owed Schultz $20 besides the notes, and that the plaintiff would be sure of that at all events.   A similar admission was proved by a witness called by the garnishee.   The garnishee introduced some testimony that was wholly unintelligible, without reference to his answer to the interrogatories propounded by the plaintiff previous to the trial.   The garnishee then offered to introduce the answer to the jury, which the court excluded.   The jury found in favor of the garnishee, and the court refused a new trial.

The finding of the jury was manifestly against the evidence before them, and the court should have granted a new trial.   It clearly appeared that the garnishee was indebted to the judgment debtor in the sum of $20, and the plaintiff was entitled to a verdict for that amount.   The judgment must therefore be reversed.

As the same question may arise on another trial, it will not be improper to intimate an opinion as to the admissibility of the answer of the garnishee.   He is called on to make true discovery on oath, and has a right to have his answer before the jury.

They are to give it such weight as they may believe it entitled to in connection with all the circumstances of the case. If, upon a consideration of the whole case, they come to the conclusion that the garnishee was not indebted to the judgment debtor when the process of garnishment was served, their finding must be in favor of the garnishee; otherwise, it should be against him for the amount of the indebtedness. This is the principle of the case of Kergin *v.* Dawson, 1 Gilm. 86.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*