85   521
33a  143

85   521
91a  ³144

85   521
106a ²250

# The Cairo and St. Louis Railroad Company *et al.*

## *v.*

## Hindman, Michælis & Co.

1. GARNISHMENT—*liability must be clear.* It is the doctrine of this court, that judgment shall not go against a garnishee except where a clear indebtedness is shown as existing at the time of the service of the garnishee process.

2. Where a garnishee, in his answer, shows that prior suits are pending against him in which his indebtedness to the defendant in attachment is involved, so that it is impossible for him to state what amount, if anything,

he may owe when the prior litigation is adjusted, and no issue is taken upon the answer, it is error to render judgment against the garnishee.

3. Same—*liability on answer.* Where no issue is made up on the answer of a garnishee, unless it clearly makes him chargeable, he should be discharged.

Writ of Error to the Circuit Court of Jackson county; the Hon. Monroe C. Crawford, Judge, presiding.

Mr. W. S. Searls, and Mr. L. T. Butler, for the plaintiffs in error.

Mr. Justice Breese delivered the opinion of the Court:

This is a writ of error to the circuit court of Jackson county, to bring up the record of proceedings in the case of Hindman, Michælis & Co., plaintiffs, and against Fleming & Lacy, defendants. The record shows the suing out of an attachment by the plaintiffs, against Fleming & Lacy, in which the Cairo and St. Louis Railroad Company and H. H. Payson & Co. were summoned as garnishees.

The errors were assigned on the transcript first filed in this court, and were substantial errors, so far as the Cairo and St. Louis Railroad Company were concerned, but upon suggestion of diminution of record, a *certiorari* was awarded to bring up a more complete record, which, being filed in this court, shows that the error complained of does not in fact exist. Consequently there is no foundation for the writ, so far as the railroad company is interested, and the writ of error must be dismissed as to that company, at the costs of defendant in error.

As to Payson & Co., it is the doctrine of this court, that judgment shall not go against a garnishee, except where a clear indebtedness is shown as existing at the time of the service of the garnishee process. It appears by the answer of Payson & Co., that prior suits were pending against them, in which the question of their indebtedness to Fleming & Lacy is involved, and it is impossible for them to state what amount, if anything, may be coming to them when this prior litigation is adjusted.

We do not think there was sufficient evidence before the court to charge these parties as garnishees. No issue was made upon the answer of these parties, and it must be taken to be true. This court said, in *Pierce* v. *Carleton*, 12 Ill. 358, unless the answer of the garnishee clearly makes him chargeable, he should be discharged. To the same effect is *Illinois Central Railroad Co.* v. *Cobb*, 48 Ill. 402, and *Cairo and St. Louis Railroad Co.* v. *Killenberg*, 82 ib. 295.

As to these parties, the judgment must be reversed and the cause remanded.

*Judgment reversed.*