## GEORGE B. JONES
### v.
## A. E. HUBBARD.

PROMISSORY NOTE.—A note dated April 18, 1882, and reading "one day after date I promise to pay to the order of, etc., $228.39, for value received, with interest at eight per cent. per annum; in case default is made in payment of this note, or the interest thereon, according to the tenor and effect thereof, the whole amount shall immediately become due, and a sum equal to ten per cent. of the whole amount shall be added thereto, for attorneys' fees, and taxed as a part of the costs, in the court where suit may be brought. I have sold to T. M. Hubbard about 600 bushels number two corn, at sixty-five cents, to be delivered between date and September 1st; when such delivery is made, this note to be due and payable." *Held*. that the clause as to attorneys' fees and as to delivery of corn does not affect the negotiability of the note.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.    Opinion filed December 4, 1885.

Mr. GEORGE B. JOINER, for appellant; that the instrument was non-negotiable, cited Beezley v. Jones, 1 Scam. 34; Canadian Bank v. McCrea, 106 Ill. 281; Turner v. P. & S. R. R. Co., 95 Ill. 134; Husband v. Epling, 81 Ill. 172; Wood v. North, 84 Penn. 407; Mahoney v. Fitzpatrick, 43 Am. Reports, 502; Maryland Fertilizer Co. v. Newman, 45 Am. Reports, 750; Woodbury v. Roberts, 44 Am. Reports, 685.

Messrs. DOYLE, MORRIS & PIERSON, for appellee; cited Stevens v. Blunt, 7 Mass. 240; Ernest v. Stockman, 74 Pa. St. 13; Harlow v. Boswell, 15 Ill. 56; McCarty v. Howell, 24 Ill. 343; Cisne v. Chidester, 85 Ill. 525.

LACEY, P. J.    This was an action of assumpsit with one count in the declaration, based on the following instrument, viz.:

"GILMAN, ILL., April 18, 1882.
"One day after date I promise to pay to the order of T. M.

Hubbard $228.39, for value received, with interest at 8 per cent. per annum. In case default is made in payment of this note, or the interest thereon, according to the tenor and effect thereof, the whole amount shall immediately become due, and a sum equal to ten per cent. of the whole amount shall be added thereto for attorney's fees, and taxed as a part of the costs in the court where suit may be brought. I have sold to T. M. Hubbard about 600 bushels No. 2 corn, at sixty-five cents, to be delivered between date and September 1st; when such delivery is made this note is to be due and payable."

"GEO. B. JOINER."

The instrument was duly indorsed by the payee to the appellee. A general demurrer was interposed to the declaration and overruled by the court, and appellant abiding his demurrer, judgment was rendered against him on the note, and this appeal is taken to test the correctness of the decision of the court below in overruling the demurrer and rendering judgment. The question raised is as to the negotiability of the instrument. That is, whether it is a promissory note under our statute. It is claimed by appellant that the clause in reference to the delivery of the corn, and the clause in regard to the payment of the attorney's fees, each renders the instrument non-negotiable, and destroys its character as a promissory note, and renders it a simple contract without negotiability.

In regard to the question as to whether the provision in the note for the payment of ten per cent. attorney's fees, renders the note or instrument non-negotiable, we think the Supreme Court has settled the question against the claim of the appellant in a number of cases, all more or less bearing on the case as will be seen by reference to them. We refer to Nickerson v. Babcock, 33 Ill. 373; Hill v. Todd, 29 Ill. 101; Clauser v. Stone, 29 Ill. 114; Houghton v. Francis, 29 Ill. 244; Harlow v. Boswell, 15 Ill. 56; McCarty v. Howell, 24 Ill. 343; Nickerson v. Babcock, 29 Ill. 525; and Cisne v. Chedister, 85 Ill. 521; and in other States we find the cases of Stevens v. Blunt, 7 Mass. 240; Proctor v. Baldwin, 82 Ind. 370; and Earnest v. Stockton, 79 Pa. St. 13. In regard to the at-

torney's fee, the amount was fixed and determinate, as much so as the amount of the note. It was to be ten per cent. of the whole amount due, and it was to be due and payable as soon as default was made in the payment of the note. It was simply a penalty mentioned as being for attorney's fees, but like any other penalty payable in default of payment of the note at maturity.

It was not like the note in the case of Nickerson v. Babcock, 33 Ill. 370, and 29 Ill. 429, payable in case suit had to be brought, and the mention of the attorney's fee in the note neither added to nor took away anything from its character as a negotiable instrument. It was a mere penalty for non-payment; nor was it necessary to show that attorney's services had been performed in order to show a right of recovery, nor would it have been any defense to the penalty to show that the attorney's fees had not been rendered. It is no objection to it that the penalty was to be taxed as costs. It could as well be recovered in that form of judgment as any other. Clearly, this penalty could not have the effect to take away the negotiability of the note. But the other question is most confidently relied on as having the effect to render the note invalid as a negotiable instrument.

The provisions of our statute on the subject of promissory notes are as follows : " Promissory notes, bonds, due bills and other instruments in writing made or to be made by any person, body politic or corporate, whereby such person promises or agrees to pay any sum of money, article of personal property, or any sum of money in personal property, or acknowledges any sum of money or personal property to be due to any other person."

In the case in hand the note starts out with a promise to pay the sum mentioned in it one day after date, but by a subsequent clause it states a contract to deliver corn at a certain price on or before the first day of September next following, and that when the delivery was made the sum mentioned was to be due.

This question of the delivery of the corn seems to have been an after thought, after the first part of the note was written,

and it was no doubt thought that as the corn was to be delivered so shortly and at most could not be delayed beyond the first of September, that it would be proper to allow the note to be paid in the corn; therefore, the time was extended till the corn could be delivered, and when delivered the note was due and paid by the delivery of the corn. But if the corn was not delivered within the time, the note became due absolutely on the first day of September, for except for the privilege of paying it in corn it was due one day after date, and this privilege was only extended to a limited time in which the delivery was to have been made.

It could not have been intended by the parties as contended for by appellant's counsel, that in case the corn was never delivered the note never became due, but the appellee wou'd simply have a contract with easements broken for the delivery of the corn, and would have to be remitted to his suit on such easements.

We look upon the instrument in a far different light. We think the instrument, all its provisions being construed together, as being one absolutely payable on the first day of September, after its date, with the privilege to the payor of paying it in corn at sixty-five cents per bushel within any time between its date and the first September next following.

After that it was payable in money without reference to the corn. In its character it is somewhat like the note described in the case of Cisne v. Chidester, 85 Ill. 521, which is as follows: "On the first day of September, 1871 (or before if made out of the sale of J. B. Drake's horse, hay fork and hay carrier), I promise to pay James B. Drake, or order, one hundred and twenty-five dollars, etc., with use," signed. The recital in the note of the contract that had already been made in reference to the corn could not have the effect to render the note non-negotiable. The entire object of this recital was to extend the time of payment and to allow the payment in corn, within the time fixed, but not afterward.

We find that the court below committed no error in overruling the demurrer and rendering judgment, and therefore the judgment is affirmed.

Affirmed.