# Q. J. Chott v. Tivoli Amusement Co. for the use of A. W. Thurston.

1. GARNISHMENT—*Claims of Third Persons.*—In garnishment proceedings, where it appears that the goods, chattels, choses in action, credits or effects in the hands of a garnishee are claimed by another person, it is the duty of the court to permit the person so claiming to appear and maintain his right. If he does not voluntarily appear, notice for that purpose should be issued and served on him in such manner as the court directs.

2. SAME—*Duty of Garnishee to Disclose Claims of Third Persons.*—It is the duty of the garnishee to disclose, in his answer, the interests and claims of all third parties, so far as he has knowledge of the same.

3. SAME—*Limit of the Recovery of the Judgment Creditor.*—The judgment creditor can only recover for such indebtedness as the judgment debtor could recover from the garnishee in a suit by the former against the latter, and it is incumbent on the judgment creditor to prove that the indebtedness of the garnishee is to the judgment debtor and not to some one else.

4. SAME—*Assignment of Judgment Debtor to a Third Party.*—When it is disclosed by the answer of the garnishee that the chose in action in controversy has been assigned by the judgment debtor to a third party, it is the duty of the judgment creditor to notify such third party as may be directed by the court.

5. SAME—*Where the Garnishee has Notice of the Claims of a Third Party.*—If the garnishee has notice or information that a third party claims an interest in the fund or property in controversy, he must, if he would protect himself against such claim, disclose it by his answer, even though he can not, of his own knowledge, swear to the existence of the claim or its precise nature.

6. SAME—*Where the Answer Discloses Adverse Claim.*—Where the answer of the garnishee discloses parties and interests adverse to the rights of the execution debtor, than whom the garnisheeing creditor has no greater rights, it is the duty of the court, in order to protect the rights of such parties, to see that they are properly brought before the court, so that the rights of all parties in interest may be adjudicated. Until that is done, the cause is not in a condition to be heard, and it is error to force the garnishee to a trial in their absence.

Garnishment.—Trial in the Circuit Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Verdict and judgment for garnishor. Appeal by garnishee. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed March 16, 1899. Rehearing denied April 13, 1899.

Peck, Miller & Starr, attorneys for appellant.

Garnishee process is only intended to be allowed when there is no property subject to execution, or when it can not be found by reasonable efforts of the officer and the plaintiff in execution. Chanute v. Martin, 25 Ill. 63.

The sworn answer of the garnishee alleged that before the commencement of the garnishment proceedings the Tivoli company had sold and assigned to Morganroth its assets, including the subscription of defendant to the capital stock and all liability thereon, in consideration that Morganroth would pay the debts of the company; and that this was done by the direction or with the consent of the beneficial plaintiff, Thurston. There was no evidence to contradict this answer. And the rule is settled that in the absence of evidence this answer is to be taken as true. Kergin v. Dawson, 1 Gilm. 86; Ill. C. R. R. v. Cobb, 48 Ill. 402; Chicago & St. L. R. R. v. Killenberg, 82 Ill. 295; Manowsky v. Conroy, 33 Ill. App. 141; Holton v. So. Pac. R. R., 50 Mo. 151; C. & St. L. R. R. v. Hindman, 85 Ill. 521; Wade, Attachment (Ed. 1886), Sec. 381; Schwab v. Ginger beck, 13 Ill. 697; Chicago, R. I. & P. Ry. v. Mason, 11 Ill. App. 525.

Where the answer of a garnishee discloses parties and interests adverse to the rights of the execution debtor, than whom the garnishing creditor has no greater rights, it is the duty of the court, in order to protect the rights of such parties, to see that they are properly brought before the court, so that the rights of all parties in interest may be adjudicated. Until that was done the case was not in condition to be heard, etc. Hamburg Co. v. Kennedy, 57 Ill. App. 136; Greenwick v. Columbia Mfg. Co., 73 Ill. App. 560.

And when the answer disclosed the interest of Newton Morganroth, it was the duty of the court to see that he was properly brought before the court. Hamburg, etc., Co. v. Kennedy, 57 Ill. App. 136; Savage v. Gregg, 150 Ill. 161.

The sworn answer of the garnishee may be read to the jury and is evidence in his behalf. Schwab v. Gingerbeck, 13 Ill. 697; Wade on Attachment (1886 Ed.), Sec. 381.

If the garnishee is to be held upon his answer, it must be upon the whole answer. Chicago, R. I. & P. R. R. v. Mason, 11 Ill. App. 525.

Newman, Northrup & Levinson, and Elmer E. Jackson, attorneys for appellee, contended that the evidence produced on behalf of the plaintiff made out a *prima facie* case. Hurd's R. S. Ill. (1897), Chap. 32, Sec. 8, p. 423; World's Fair Excur. Co. v. Gasch, 162 Ill. 408; Coalfield Coal Co. v. Peck, 98 Ill. 139; McCoy v. Williams, 1 Gilm. 591.

Mr. Justice Adams delivered the opinion of the court.

September 4, 1896, Thurston recovered judgment by confession in the Circuit Court against appellee for the sum of $550 and costs; an execution was issued the same day, and returned no property found, and, on the same day, an affidavit in the usual form being filed, appellant was summoned as garnishee and interrogatories were filed.

Appellant, November 17, 1896, filed an answer denying any indebtedness to appellee, or the possession or control of any of its property.

Interrogatory 6 was as follows:

"Did you subscribe for any shares of capital stock of Tivoli Amusement Co.? If so, state the number, date when subscribed, amount paid for the same, with dates and manner of payment, and to what officer you paid the same."

To this interrogatory appellant, February 11, 1896, answered:

"I subscribed for twenty-five shares; paid $2,000. There has been no assessment levied or call made for the unpaid amount of such subscription."

May 17, 1896, appellant further answered as follows:

"This defendant reserving unto himself all benefit and advantage under his answer filed November 17, 1896, and his further answer filed February 11, 1898, further answering, says upon information and belief: That on or about the 3d day of September, A. D. 1896, and before the commencement of this suit, the said Tivoli Amusement Company did sell and assign and transfer by bill of sale or otherwise, all of its property, choses in action and assets of

every kind and nature, to one Newton Morganroth, in consideration, or in consideration, among other things, of the agreement, undertaking and promise of the said Newton Morganroth by him then and there made to and with said Tivoli Amusement Company, to pay all the debts of said Tivoli Amusement Company, and that said sale, assignment and transfer was made at the instance or by and with the assent of said Allyn W. Thurston; and that said sale, assignment and transfer, did sell, assign and transfer to said Morganroth the subscription of this respondent and other subscribers to the stock of said company, and the alleged liability of this respondent upon said subscription. And so this respondent says that at the time of the commencement of this suit, and at the time when this respondent was summoned as garnishee herein, this respondent was not and is not indebted to said company in any way whatever."

Appellant's several answers were sworn to. Replications were filed and a trial was had, resulting in a verdict, by direction of the court, and judgment for the sum of $500. To reverse this judgment is the object of this appeal.

Section 11 of the garnishment act provides:

" If it appears that any goods, chattels, choses in action, credits or effects in the hands of a garnishee are claimed by any other person, by force of an assignment from the defendant, or otherwise, the court or justice of the peace shall permit such claimant to appear and maintain his right. If he does not voluntarily appear, notice for that purpose shall be issued and served on him in such manner as the court of justice shall direct."

The answer to the sixth interrogatory sets up a perfect defense, and if true that appellee had sold and assigned to Morganroth all its property and choses in action, including appellant's unpaid subscription for stock, and appellant had notice of that or any claim which Morganroth had to such unpaid subscription, appellant was bound, for his own protection, to disclose this in his answer, as otherwise he would not be protected by any judgment which might be recovered against him in appellee's name for Thurston's use, against any valid claim which Morganroth might subsequently assert. Drake on Attachment, 5th Ed., Sec. 630.

Morganroth did not appear in the suit, nor was any notice

served on him.   The matter does not appear to have been
called to the attention of the court until after appellee had
closed its evidence, and while appellant's attorneys were put-
ting in their evidence, when appellant's attorneys read to the
court appellant's answer to the sixth interrogatory, and
moved the court that Morganroth might be brought in, or
that the trial might be arrested until he could be brought in,
which motion the court substantially overruled, and the trial
proceeded.   Appellee's counsel object that it was then too
late to make such motion; also, that the answer to the sixth
interrogatory above quoted was not filed until about a week
before the trial.   This objection assumes that it was pri-
marily the duty of appellant to move the court to enter an
order directing notice to Morganroth.   But the statute does
not so provide, nor does it provide, as appellee's counsel
seem, by implication, to assume, that the garnishee, in his
answer, must pray for such notice.   The only duty of the
garnishee is to disclose, in his answer, the interest or claim
of a third party or third parties, of which he has notice.
The judgment creditor can only recover such indebtedness
as the judgment debtor could recover from the garnishee in
a suit by the former against the latter, and it is incumbent
on the judgment creditor to prove that the indebtedness of the
garnishee is to the judgment debtor, and not to some one else.
This being true, it would seem that when it is disclosed by
the answer of the garnishee, as in the present case, that the
chose in action in controversy has been assigned by the
judgment debtor to a third party, it is the duty of the judg-
ment creditor to notify such third party as may be directed
by the court.   To say the least, it is no more the duty of
the garnishee to move for such notice, than of the judg-
ment creditor.   So far as the duty of giving such notice is
concerned, we do not deem it important that the answer dis-
closing Morganroth's interest is on information and belief.
If the garnishee has notice or information that a third
party claims an interest in the fund or property in contro-
versy, he must, if he would protect himself against such
claim, disclose it by his answer, even though he can not, of

his own knowledge, swear to the existence of the claim or its precise nature.

In Fire Ins. Co. v. Kennedy, 57 Ill. App. 136, the court say:

"Where the answer of the garnishee discloses parties and interests adverse to the rights of the execution debtor, than whom the garnisheeing creditor has no greater rights, it is the duty of the court, in order to protect the rights of such parties, to see that they are properly brought before the court, so that the rights of all parties in interest may be adjudicated. Until that was done, the cause was not in a condition to be heard, and it was error to force the appellant to a trial in their absence."

We fully concur in this view. Such being the law, and the judgment creditor being the actor in the garnishment proceeding, and, therefore, most interested in having it go on, it is incumbent on him, if he desires to speed the proceeding, to move the court for an order directing notice to the adverse claimant.

This is sufficient to dispose of the appeal, but inasmuch as there may be another trial, we deem it expedient to notice other questions which arose in the trial court, and may again occur.

Appellant offered to read his answer to the jury, but the court excluded it. In Schwab v. Gingerbeck, 13 Ill. 697, the court held that the garnishee had the right to have his answer before the jury, who were to give such weight to it as they believed it was entitled to under all the circumstances of the case. We understand, however, that the effect of an answer responsive to the interrogatories is, as stated by the court in Kergin v. Davison, 1 Gilm. 86, namely:

"Under these provisions of the act, when the garnishee has made a full and explicit answer to the interrogatories, and it fails to show either that he is indebted to the defendant in the attachment, or that he has any of his property in his possession, the presumption arises that the answer is true, and the burden of disproving it is thrown on the plaintiff."

We do not understand that when the garnishee discloses by his answer that there is an adverse claimant, it is incum-

bent on the judgment creditor, or attaching creditor, as the case may be, to produce negative evidence in the absence of the alleged adverse claimant, to show that such alleged claimant has no interest in the fund or property in question.

The only object of disclosing, by the answer, that there is such adverse claimant, is the protection of such claimant and the garnishee. When such claimant comes voluntarily or on proper notice to assert his claim, the issue, as to his claim, is between him and the judgment creditor and the judgment debtor, or defendant in attachment, if the latter disputes the claim, and the burden of proof in such case is on the adverse claimant. We perceive no error in the exclusion by the court of evidence that appellee, prior to the recovery of judgment against it, had property subject to execution, especially in view of appellant's answer that prior to that time all its property had been sold and disposed of to Morganroth. Neither do we perceive any error in the exclusion of evidence of negotiations between appellant and Morganroth, in July, 1896, in respect to appellant's stock, the record showing that appellant continued to hold his stock down to the time of the trial.

The judgment will be reversed and the cause remanded.

Opinion by Mr. Justice Adams, on petition for rehearing.

Appellee petitions for a rehearing on the alleged ground that it was insolvent when it assigned its assets to Morganroth, and therefore, that the assignment was void as to creditors. This question was not discussed or even suggested in appellee's argument, and it is a well known rule of practice in this court, that the court need not, and, as a general rule, will not, consider questions not discussed or objections not relied on by counsel in argument. But even though we were to consider the question now raised, it would not avail appellee for the following reasons. The answer of the garnishee as to Morganroth's interest is on information and belief, and even if it were not, it would not bind Morganroth. The only effect of the answer as to Morganroth's interest is to disclose that he claims some

interest. It will be for him, when brought in by notice, to state what interest, if any, he has, and how acquired, and then, and not till then, the question may arise whether he has any legal or equitable interest in appellee's assets. Morganroth may disclaim all interest, or he may claim that he has acquired an interest otherwise than as stated in the answer of the garnishee. We have not intended to express, nor do we express, any opinion on that question. Petition denied.