### Otho Deffenbaugh, Adm'r, etc., et al., v. W. R. Andrew et al., use, etc.

1. RECORD—*Interrogatories and Answers of Garnishees a Part of, Without a Bill of Exceptions.*—Interrogatories propounded to garnishees and their answers thereto are a part of the record without being made so by a bill of exceptions.

2. PRACTICE—*In the Absence of Denials to Answers of Garnishees.*— In the absence of denials to answers of persons summoned as garnishees, the matters stated in such answers must be taken as true.

Garnishment.—Error to the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded with directions. Opinion filed September 11, 1900.

ROWELL, NEVILLE & LINDLEY, A. J. BARR and JOHN E. & MAYNE POLLOCK, attorneys for plaintiffs in error.

JAMES L. LOAR, attorney for defendants in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a garnishee proceeding instituted in the Circuit Court by James Houghton in the name of his judgment debtors, W. R. Andrew, Daisy Andrew and Charles Andrew, against Otho Deffenbaugh, Jr., as executor of the will of John P. Barr, deceased, and Angeline Barr, garnishees, for his use.

The garnishees answered in effect that John P. Barr, by

his will, authorized and directed Otho Deffenbaugh, Jr., whom he appointed executor, to sell and convert into money, or its equivalent, all the real and personal estate which he owned at the time of his death, and out of the proceeds thereof to pay, first, his debts; second, $2,500 to Angeline Barr, his widow; and third, the remainder thereof to his nine children, among whom was Daisy Andrew.

That the executor had sold the property under the will, and Daisy Andrew's share, according to the will, is $594, which the executor has in his hands.

That Daisy Andrew, in consideration of $600 paid to her by her mother, Angeline Barr, after the death of the testator, and before the executor sold the property or this garnishee proceeding was commenced, sold and conveyed by quit-claim deed to the latter, all the share or interest which the former had in or to that estate.

The record shows that there was no denial or traverse of the facts stated in the answers of the garnishees; and that upon motion of James Houghton, the court gave judgment in favor of the judgment debtors for his use against Otho Deffenbaugh, Jr., as such executor, for $358.25, to be paid in due course of administration.

Otho Deffenbaugh, Jr., as such executor, and Angeline Barr, prosecute a writ of error out of this court to reverse that judgment, and insist among other things, that the court erred in giving judgment against Otho Deffenbaugh, Jr., as such executor, in favor of the judgment debtors of James Houghton for his use, because, from the facts disclosed by the answers of the garnishees, the $594 belonged to Angeline Barr and not to Daisy Andrew, while James Houghton contends that inasmuch as the record contains no bill of exceptions, it must be presumed that the court heard evidence which sustains the judgment.

The interrogatories propounded to the garnishees, and their answers thereto, are part of the record without being made so by a bill of exceptions. Rankin v. Simons, 27 Ill. 352.

And the record shows that it was upon the untraversed answers of the garnishees that the judgment was rendered.

In the absence of the answers of the garnishees being denied, the facts therein stated must be taken as true. C. & St. L. R. R. Co. v. Hindman & Co., 85 Ill. 521.

There was no need of a bill of exceptions in order to assign and urge as error that the court improperly gave judgment against one of the garnishees upon their answers, when it appears from the record, as properly made up by the clerk, that the undenied answers of the garnishees show that the judgment rendered is not warranted from the facts thereby disclosed; for the object of a bill of exceptions is to preserve in the record, such matters as occur during the trial which are not a part of the record. McChesney v. City of Chicago, 151 Ill. 307.

As the answers of the garnishees show that Daisy Andrew, for full consideration, sold and conveyed all her interest in the property of her deceased father's estate to her mother long before this proceeding was commenced, her mother is entitled to Daisy Andrew's share of the proceeds of the sale of that property in the hands of the executor, and neither the same, nor part thereof, was liable to be taken under this garnishee proceeding; and the court, on the answers, should have discharged both garnishees.

For the error committed by the Circuit Court in allowing the motion of the judgment creditor, and giving judgment against one of the garnishees, we will reverse its order to that effect, and remand this proceeding to that court with directions to overrule that motion and enter an order discharging both garnishees. Reversed and remanded with directions.