## Bartlett & Kling v. Willis Manufacturing Co.

1. GARNISHMENT—*Where Goods in the Hands of the Garnishee Are Claimed by a Third Person.*—Sections 11 and 12 of chapter 62 of the revised statutes enact that if it appears that any effects in the hands of any garnishee are claimed by any other person by assignment from the defendant or otherwise, the court shall permit the claimant to appear and maintain his right, and if he does not voluntarily appear, notice for that purpose shall be issued and served upon him as the court shall direct. If he appears he shall be admitted to defend his title to the

property in question, and if he does not appear he shall be concluded by the judgment in regard to his claim.

2. SAME—*Practice Where Answer is Not Traversed.*—Where the answer is not traversed, it is to be taken as true.

Garnishment.—Error to the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

FLETCHER CARNEY and JAMES W. CARNEY, attorneys for plaintiffs in error.

C. S. HARRIS, attorney for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Willis Manufacturing Company brought an attachment against Bruce and Looney & Brother, and caused Bartlett & Kling to be summoned as garnishees. The Looneys were non-residents, and were notified by publication, and were defaulted, and judgment was rendered against them for $400. Interrogatories to the garnishees were filed and answered, and an amended answer to the main interrogatory was filed, and judgment for $400 was rendered against the garnishees. They sued out this writ of error to reverse the judgment.

The garnishees stated in their answer that certain sums would become due in two or three weeks under a contract between the Looneys and themselves; that they expected it would be between $400 and $600, but on account of the mixed condition of the accounts and lack of full information of the condition of the work to be done under the contract they were unable to state the exact amount; that before they were served as garnishees they had been notified by Townley Metal & Hardware Company of Kansas City, Mo., that Looney Brothers had assigned the claim against Bartlett & Kling to said Townley Company as security for certain goods furnished by said company to Looney Brothers; and that said Townley Company now assert ownership of the entire claim of Looney Brothers against the garnishees. Sections 11 and 12 of chapter 62 of the

revised statutes enact that if it appears that any effects in the hands of any garnishee are claimed by any other person by assignment from the defendant or otherwise, the court shall permit the claimant to appear and maintain his right, and if he does not voluntarily appear, notice for that purpose shall be issued and served upon him as the court shall direct. If he appears he shall be admitted to defend his title to the property in question, and if he does not appear he shall be concluded by the judgment in regard to his claim. The record before us is certified to be complete. It does not show any notice to said Townley Company, nor any directions by the court concerning such a notice. Bartlett & Kling were entitled to that protection, and it was error to disregard the provisions of the statute and render judgment against them, and leave them subject to the claims of the Townley Company, which may prove to be valid and may absorb the entire sum owing from Bartlett & Kling. Chott v. Tivoli Amusement Co., 82 Ill. App. 244. The answers were filed June 26th and 30th and the judgment was entered June 30th. They disclosed that the work to be done by Looney Brothers was not yet completed, that the garnishees were not fully informed as to the condition of the work and the state of the accounts, and could not determine the exact amount which would be due for two or three weeks. The answer was not traversed and is to be taken as true. Rankin v. Simonds, 27 Ill. 352; C. & St. L. R. R. Co. v. Hindman, 85 Ill. 521; Mansfield v. Honduras Co., 66 Ill. App. 558; Deffenbaugh v. Andrew, 91 Ill. App. 142. This answer did not justify a judgment against the garnishees at that time and for that amount.

The affidavit for attachment was by H. F. Willis. He was not the plaintiff and he did not state in his affidavit that he was agent or attorney for the plaintiff. The affidavit therefore did not comply with section 2 of the act authorizing attachments in courts of record. The certificate of publication of notice to Looney Brothers is of doubtful validity and should be amended to conform to the statute governing that method of proving publication of

notice. Bartlett & Kling are entitled to have the proceedings by which Looney Brothers are brought into court conform to the statute.

The judgment is reversed and the cause remanded.