# Paepcke-Leicht Lumber Company v. F. A. Becker, for use, etc., et al.

### Gen. No. 12,262.

1. GARNISHMENT—*when claim of interpleader superior.* The payee of a check receiving the same in good faith prior to the service of the garnishment process upon the bank upon which such check is drawn, has a superior claim to the garnishing creditor notwithstanding presentment was not made until after service.

2. GARNISHMENT—*right to interplead in.* The granting of leave to plead in a garnishment proceeding is not wholly a matter of discretion.

3. GARNISHMENT—*what deemed notice to garnishee of claim against fund in possession.* The presentment to a bank of a check is notice to the bank of the claim upon the fund in its hands and if such fund be made the subject of garnishment the claim of the holder of such check should be set up.

4. BILL OF EXCEPTIONS—*prevails over record proper where in conflict.* Where the record is made by the clerk and the bill of exceptions is in conflict as to the terms of the final order, the bill of exceptions prevails.

Garnishment proceeding. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1905. Reversed and remanded with directions. Opinion filed January 18, 1906.

**Statement by the Court.** October 20, 1904, an affidavit for garnishee proceedings was filed in the Circuit Court on a judgment theretofore recovered by Louis Hutt against Frank A. Becker, and summons was served on the State Bank of Chicago, as garnishee, the same day. The bank, October 27, 1904, filed its answer to interrogatories, stating that it had, at the date of service of process on it, and still has, in its possession the sum of $322.50, credited on its books to F. A. Becker and Co., and that the only person with whom it had had any dealings in respect to said account was F. A. Becker, and that it was informed and believed that F. A. Becker was doing business as F. A. Becker & Co. November 4, 1904, before the return day of the summons, which return day was the third Monday of November, 1904, or November 21st of said year, the court rendered judgment against the State Bank of Chicago, on its answer, for the sum of $322.50.

November 18, 1904, one of the days of the October term of the court, at which term the judgment was rendered, appellant entered its appearance and moved to vacate the judgment entered November 4, 1904, and 'for leave to plead *instanter,* which motion was continued. December 13, 1904, the motion came on for hearing, when appellant presented an interplea verified by the oath of its secretary, in which it is alleged, in substance, that prior to the service of the garnishee summons on the State Bank of Chicago, appellant was the holder and owner of a check drawn by Frank A. Becker in and by the name of F. A. Becker & Co., for the sum of $321.76, payable to the order of H. H. Chester & Co., and by said H. H. Chester & Co. endorsed, against the funds of Frank A. Becker, doing business as F. A. Becker & Co., in the possession of said bank; that appellant received said check, indorsed as aforesaid, for a valuable consideration, and October 20, 1904, appellant presented said check to said bank for payment, when there was a deposit in said bank to the credit of said Frank A. Becker, doing business as aforesaid, of more than enough funds to pay said check; but said bank refused to pay the same, or any part thereof,

and that no part of said check has been paid, and appellant is still the owner and holder thereof. The interplea concludes with a formal averment that said sum of $231.76, part of said funds in the possession of said bank, at the time of service of the garnishee summons on the bank, was and is its property, and not the property of said Frank A. Becker.

Attached to the interplea, and made a part thereof, by reference in the plea, is the check described in the interplea, indorsed as therein stated. In support of the motion, the affidavits of William G. Gilbert and James P. Hankey were read, which affidavits are, in substance, as follows:

Gilbert deposed that he was the attorney and agent of appellant, and authorized to make affidavit in its behalf; that the judgment of November 4, 1904, was entered without notice to appellant, and that the only knowledge appellant had of the entry of the judgment was received by it November 16, 1904; that appellant is the owner and holder of the check referred to in the interplea attached to the affidavit, and has a good and meritorious claim for the amount of the same against the plaintiffs in the suit and the garnishee, and that the statements in the interplea are true.

Hankey deposes that he is the assistant treasurer of appellant, and authorized to make affidavit in its behalf; that October 20, 1904, he took the check referred to in the interplea to the State Bank of Chicago, garnishee, and presented it to Frank L. Packard, the assistant cashier of said bank, after the same had been refused certification by said assistant cashier, and affiant stated to said assistant cashier that the check was received in good faith and for a valuable consideration, but said Packard refused to honor the check. No counter affidavits were filed. It was admitted that November 11, 1904, the State Bank of Chicago, garnishee, paid the judgment of November 4, 1904.

The judgment of the court is stated in the bill of exceptions as follows:

"But the court having heard the said affidavits and interplea, which was all the evidence heard in that behalf, and

counsel for said Paepcke-Leicht Lumber Co., said State Bank of Chicago, and Louis Hutt, having admitted that the judgment heretofore entered in the above entitled cause against the said State Bank of Chicago, garnishee, on the 4th day of November, 1904, has been paid and satisfied in full by said State Bank of Chicago on the 11th day of November, 1904; and the court having heard the arguments of the respective counsel for said Paepcke-Leicht Lumber Co., said State Bank of Chicago and Louis Hutt, denied said motion and refused to open up the said judgment, and refused to grant leave to said Paepcke-Leicht Lumber Co. to interplead in said cause; to which ruling and decision of the court, the said Paepcke-Leicht Lumber Co., by its counsel then and there duly excepted."

Below the signature and seal of the judge are the words: "Presented Jan. 12, 1905," signed by the judge, "Charles M. Walker."

WILLIAM C. GILBERT, for appellant.

SAMUEL M. FEGTLY and ADLER & LEDERER, for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The main question of law arising on the record is, whether the assignment of the check, by endorsement of the payee, to appellant, before the service of garnishee summons on the State Bank of Chicago, there being more than sufficient funds in the bank to the credit of Frank A. Becker to meet the check, gave to appellant a claim to the amount mentioned in the check prior to that of the garnisheeing creditor.

Mun v. Burch, 25 Ill., 35, is the leading case in this State on the question, and in that case the court say: "We hold, then, that the check of a depositor upon his banker, delivered to another for value, transfers to that other the title to so much of the deposit as the check calls for, which may again be transferred to another by delivery, and, when presented to the banker, he becomes the holder of the money to the use of the owner of the check, and is bound to account to him for

that amount, provided the party drawing the check has funds to that amount on deposit, subject to his check, at the time it is presented."

The doctrine thus announced has never been departed from in this State, but, on the contrary, has been adhered to in numerous subsequent cases.

In Gage Hotel Co. v. Union Nat. Bank, 117 Ill., 531, the language above quoted is quoted with approval, and other cases are cited in which it is approved. It follows from these decisions that the instant the check in question was endorsed by H. H. Chester & Co., to whose order it was drawn, and delivered to appellant, the title to so much of the deposit of Frank A. Becker in the State Bank of Chicago as was sufficient to pay the check, was in appellant, and there being enough to Becker's credit in the bank, October 20, 1904, when the check was presented for payment, the bank, which had previously been summoned as garnishee, was legally bound, at least to retain, from the amount of money to Becker's credit, enough to pay the check, until it should be determined in the garnishment suit to whom it belonged.

It was admitted in the present case that the check in question was presented to the bank October 20, 1904, after the service of summons on the bank, on that day. The check having been drawn and transferred to appellant before the bank was served or summoned as garnishee, it is immaterial whether the check was presented to the bank before or after it was served with the garnishment process.

In Bank of America v. Indiana Banking Co., 114 Ill., 483, the Bank of America was served with summons as garnishee August 10, 1883. Prior to such service two checks had been drawn on the bank, one of date August 7, 1883, for $4.50, and one of date August 9, 1883, for $6,400. The bank paid both checks August 11, 1883, after it was served as garnishee. The question was whether the payment of the checks was or not in fraud of the rights of the attaching creditor. The court say: "As respects the check for $4.50 and the one for $6,400, both of which it seems were drawn by the depositor on the fund on deposit, before the service of the writ,

and which were paid in due course of business, although paid after the service of process, the garnishee should have been allowed a credit for the amount of such checks on the funds in its bank, as against the attaching creditors." Ib. 491.

Appellees' counsel object that the motion to vacate the judgment and for leave to plead was addressed to the discretion of the court; that the notice to the garnishee was insufficient, and that the application for leave to plead was not made in apt time. The statute provides as follows:

"Sec. 11. If it appears that any goods, chattels, choses in action, credits or effects in the hands of a granishee are claimed by any other person, by force of an assignment from the defendant, or otherwise, the court or justice of the peace shall permit such claimant to appear and maintain his right. If he does not voluntarily appear, notice for that purpose shall be issued and served on him in such a manner as the court or justice shall direct." Hurd's Rev. Stat., 1903, C. 62.

This, certainly, does not leave the matter wholly in the discretion of the court, or preclude review. The contention that the garnishee was not sufficiently notified seems frivolous. Notice that appellant owned and held the check could not, as we think, be more sufficiently given than by presenting the check to the bank for payment. The summons in garnishment was not returnable till the November term 1904, which commenced November 21st, but the bank filed its answer October 27, 1904, and the judgment against it was rendered November 4, 1904, at the October term, and more than two weeks before the return day of the writ. It is manifest, therefore, that if appellant had had notice of the writ and the return day, it would not, in all probability, have anticipated any action of the judgment creditor or the court, before the November term. Its application for leave to plead was made November 18, 1904, a day of the October term, at which term the judgment was rendered, and it is positively stated in the affidavit of Mr. Gilbert, and not contradicted, that appellant had no knowledge of the judgment until No-

vember 16, 1904. We think the motion was made in apt time, especially in view of the somewhat unprecedented hurry of the judgment creditor. Juilliard & Co. v. May, 130 Ill., 87. The bank should have stated, in its answer to the interrogatories, for its own protection, the claim of which appellant had apprised it. Chott v. Tivoli, 82 Ill App., 244; Drake on Attachment, 5th ed., sec. 530.

Had it so done, appellant would have been notified of the proceedings by direction of the court, as provided by section 12 of the garnishment statute, and the motion might have been sooner made. It is no answer to appellant's claim that a judgment was entered prior to his motion for leave to interplead. The court had ample power to vacate that judgment during the term at which it was rendered.

A motion by appellees' counsel, made heretofore, to dismiss the appeal, was reserved till the hearing. The ground of the motion is that the order appealed from is not a final order. The order which it is claimed is not a final one, is in the record proper, purports to be the order of December 13, 1904, and contains the following: "After argument of counsel and due deliberation by the court, said motion is overruled and denied, and on like motion it is ordered that leave be and is hereby given the interpleaders to amend their *petitions* filed in this cause *instanter.*"

But in the bill of exceptions, after the title of the cause, it is recited as follows:

"Be it remembered that on the 13th day of December, A. D. 1904, in the November Term A. D. 1904 of this court, the motion of Paepcke-Leicht Lumber Company to open the judgment in said cause and for leave to file instanter its interplea therein, entered on the 18th day of November, A. D. 1904, in the October Term, A. D. 1904, of this court. and continued to this term, came on to be heard."

And, at the conclusion of the bill of exceptions, it is stated that the court " denied said motion, and refused to open the said judgment, and refused to grant leave to said Paepcke-Leicht Lumber Co. to interplead in said cause."

Thus, as the order appears in the record proper, leave was given to appellant to amend its *petition instanter,* while by the order in the bill of exceptions it is stated that the court denied the motion "and refused to open the said judgment, and refused to grant leave to said Paepcke-Leicht Lumber Co. to interplead in said cause." In this state of the record the bill of exceptions signed and sealed by the judge, and which, presumably, he inspected before signing it, must prevail. Hirth v. Lynch, 96 Ill., 409; McChesney v. The People, 174 ib., 46; Catholic Order of Foresters v. Fitz, 181 ib., 206; Grand Lodge Knights etc. v. People, ex rel., 60 Ill. App., 550.

But, if this were not so, and if the order in the record proper should be held to be the true order, it cannot avail appellees. The order reads: "It is ordered that leave be given the interpleaders to amend their petitions filed in said cause *instanter."* Assuming the word "petitions" to mean the interplea which was presented to the court, which is the most favorable view for appellees, it was never filed as an interplea. On the contrary, the motion for leave to file it as an interplea was continued, as appears from the bill of exceptions, to the December term of the court. It does not appear from the record that leave was ever granted to file it as an interplea, and until such leave should be given, it could only be considered as an affidavit in support of appellant's motion. Therefore, the order of the court giving leave to appellant to amend its interplea had no application, because there was no interplea to amend.

The motion to dismiss the appeal will be overruled, and the judgment will be reversed and the cause remanded, for further proceedings in accordance with this opinion.

*Reversed and remanded with directions.*