## J. S. Simpson, trading as Simpson & Company, Appellee, v. Noah Amstutz, Defendant.

## Walter Moorhead, trading as Van Wie & Moorhead, Garnishee, and Wabash Railway Company, Intervening Claimant, Appellants.

### Gen. No. 27,954.

1. GARNISHMENT—*vacating judgment against garnishee entered on informal answer.* A motion of the garnishee to vacate judgment against him on a letter which the court treated as an answer should be granted where the garnishee's affidavit shows that the fund represents the proceeds from a carload of hay shipped by the principal debtor in another State on an "order bill of lading"; that it was delivered by mistake to the garnishee by the railway company without surrender of the bill of lading, which had been negotiated by the shipper, and sets up facts showing that the garnishee holds the fund for the rightful holder of the bill, which is other than plaintiff, but that the garnishee does not know to whom it is legally indebted and tending to show a railway company to be the lawful holder of the bill, and where no formal answer was made by the garnishee because of misleading information by the clerk of the court as to the time for answer and the letter did not admit any indebtedness to defendant and showed the garnishee's uncertainty as to who was the legal owner thereof.

2. GARNISHMENT—*right of claimant to fund to have judgment vacated against garnishee and to intervene.* A railway company, which by mistake delivered an interstate shipment of hay shipped on an "order bill of lading" without surrender of the bill to one not the holder thereof, is entitled to have a judgment entered against the garnishee vacated, with leave to claimant to intervene and set up its claim to the fund, where its affidavit shows the mistaken delivery, and sets up facts showing that it is the lawful holder of the bill of lading and entitled to the fund, that plaintiff is not entitled thereto, that the garnishee is not indebted to the principal debtor, and that judgment was entered against the garnishee on a letter which was not intended as an answer and that the garnishee filed no formal answer because of an erroneous statement by the clerk of the court as to the time within which it was required to answer.

Appeal by defendants from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in the Branch

Appellate Court at the October term, 1922. Reversed and remanded with directions. Opinion filed February 13, 1923.

JOHN GIBSON HALE, for appellants.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

A judgment for $168.36 having been rendered by said municipal court on December 30, 1921, against Walter Moorhead, garnishee, on his answer, he, on January 6, 1922, made a motion, supported by his affidavit, that the judgment be vacated, and, while the motion was pending, the Wabash Railway Company, a claimant of the fund in the garnishee's hands, on January 26, 1922, asked leave to intervene and that said judgment be vacated, supporting the motion by the affidavit of an agent, and which motion was further supported by other affidavits subsequently presented. There was a hearing on both motions before the court on February 2, 1922, resulting in the court refusing to vacate said judgment and refusing to allow the railway company to intervene, but allowing both the garnishee and the railway company an appeal to this Appellate Court, which was subsequently perfected. No printed brief and argument has been filed in this court by the appellee (plaintiff.)

On November 8, 1921, plaintiff, trading as Simpson & Co., commenced a contract action claiming that the defendant, Amstutz, was indebted to him in the sum of $106.12. On the same day he filed an affidavit for an attachment in aid on the ground that Amstutz was not a resident of Illinois but resided in Indiana. The attachment writ was served on Moorhead, as garnishee, commanding him to appear on November 18, 1921. Notice of the suit by publication was given to Amstutz, and the hearing of the case continued

to December 30, 1921.    After Moorhead had been served as garnishee he requested an attorney, who represented the railway company, to also represent him, which attorney, upon inquiry of the clerk of the branch of the municipal court in which the suit was pending, was informed that the case had been continued to January 4, 1922, and that the garnishee was not required to answer until that date.    The information received was erroneous, in that the continuance had in fact been made to December 30, 1921.    Moorhead, believing that he was not obliged to file an answer before January 4, did nothing further relative thereto until December 30, 1921, when, at plaintiff's request, he addressed a letter to the clerk of the municipal court, signed in the name of his firm, Van Wie & Moorhead, by himself, and, after referring to the suit, wrote:

"We hold $168.36, being the net proceeds of car No. 32593, hay, which, according to Wabash Railroad Company's freight receipt covering freight charges on this car, which we hold, was shipped by Noah Amstutz from Spencerville, Ind., August 12, 1921.    This car was placed on the Wabash Railroad team track for Simpson & Co., whose shipments we handle on this market, and was sold by us for the account of Simpson & Co.    We await your instructions as to what disposition we shall make of this money."

This letter was filed in the cause in the municipal court on the same day, December 30, 1921, and was evidently treated by the court as Moorhead's answer as garnishee, because it appears that the court, after defaulting Amstutz and entering judgment against him in favor of plaintiff in the sum of $106.12, also entered judgment against Moorhead, garnishee, *on his answer,* in favor of Amstutz, in the sum of $168.36.

On January 6, 1922, Moorhead appeared and moved that the judgment against him, as garnishee, be vacated because of facts stated in his affidavit

accompanying the motion, wherein, in addition to setting forth the facts above mentioned, it is alleged in substance that shortly after the sale, on or about August 16, 1921, of the car of hay, affiant was informed by the local agent in Chicago of the Wabash Railway Company that said shipment was a shipper's "order shipment" and should not have been delivered to affiant's firm except upon the surrender of the bill of lading; that upon receipt of this information affiant's firm refused to make payment of said sum to plaintiff (Simpson & Co.); that affiant was first informed on January 4, 1922, that a judgment in this cause had been rendered against him as garnishee; that affiant has further been informed by the agent of the railway company that a bill of lading, with draft attached in the sum of $177.24, and drawn on plaintiff, for the hay had been negotiated by the shipper, and was held at a Chicago bank at the time of the delivery of the hay to affiant's firm, and that plaintiff at that time had full knowledge of these facts and had refused to pay said draft, and that the employee of the railway company, who made delivery of said car to affiant's firm, was either ignorant of such facts or relied upon the customary course of business between the railway company and affiant's firm, whereby the latter under such or similar circumstances protected the railway company; that affiant does not know to whom affiant's firm is legally indebted by reason of the facts and circumstances mentioned, but is advised that said firm's liability is and would be to the lawful holder of said bill of lading, or to said railway company; and that said firm is ready to deposit the sum in court to be turned over to the person or persons entitled to it.

While said motion was pending and undisposed of, the railway company in apt time on January 26, 1922, asked leave to file its verified intervening petition praying that the proceeds of said sale in the hands

of Moorhead's firm be adjudged to be the property of the railway company, or that the railway company be.adjudged to be entitled to the same by reason of its liability to the lawful holder of said bill of lading.    In the petition, substantially the same facts relative to the shipment are alleged, though more in detail, as are contained in Moorhead's affidavit.    It is stated that when the railway company received the hay for transportation from the defendant, Amstutz at Spencerville, Indiana, it issued, at Amstutz's request, an "order bill of lading," providing for the delivery of the hay at Chicago, Illinois, on the order of the shipper, upon surrender of the bill of lading and after notice had been given to Simpson & Co. (plaintiff) at Chicago; that on the same day (August 12, 1921) Amstutz, at Harlan, Indiana, indorsed and negotiated the bill of lading to the Harlan State Bank of that place, since which time said bank has been the lawful holder thereof; that at the time of its negotiation it had attached to it a sight draft drawn by Amstutz upon Simpson & Co. (plaintiff) at Chicago, in the sum of $177.24 and payable to the order of said bank; that subsequently and during August, 1921, the draft with the bill of lading attached was presented to Simpson & Co. and payment of the draft was refused; that after such refusal Simpson & Co. caused the firm of Van Wie & Moorhead (who were well acquainted with the delivery clerk of the railway company) to take delivery of the hay, without knowledge on the part of said clerk that the car had moved under an "order bill of lading," and without the surrender of the bill of lading; that during November, 1921, said Harlan Bank notified the railway company of the facts and demanded payment of the amount·of the draft; that Amstutz (defendant) had no interest in or right to the bill of lading, at the time of the service of process in the cause, nor had he then nor has he now any

interest in the proceeds of the sale of the hay; and that, by reason of its liability to the lawful holder of the bill of lading under the Interstate Commerce Law of the United States, petitioner is entitled to have the proceeds of the sale of said property paid to it, as well as from the fact that said property was obtained from its possession under a mistake of fact and in the manner shown.

On the hearing of said motion on February 2, 1922, the affidavit of Moorhead and the verified petition of the railway company were read, and the draft and bill of lading mentioned were presented and read, as was also the affidavit of W. J. Tobin, freight claim agent of the railway company. There was also presented the affidavit of L. V. Likins, cashier of said Harlan State Bank, which the court refused to consider. In Tobin's affidavit, sworn to on January 27, 1922, it is stated that on or about November 30, 1921, said Harlan Bank made claim upon the railway company for the sum of $181.24, the amount of said draft with interest, protest fees, etc.; that after investigation the railway company, on January 27, 1922, paid said sum to the bank, as the lawful holder of said bill of lading, upon the bank's indorsement and delivery of the bill to it, and which bill is now in its possession.

Under the facts and circumstances, we are of the opinion that the trial court erred in not vacating, on Moorhead's motion, the judgment rendered against him as garnishee, on his answer, and also erred in not permitting the railway company to intervene and be given an opportunity to establish by evidence, if it could, its claim to the fund in the hands of Moorhead's said firm.

It will be noticed that it was stated in Moorhead's letter of December 30, which the court treated as his answer as garnishee, that the car of hay had been handled and sold by Moorhead's firm "for the ac-

count of Simpson & Co." (plaintiff) and that there was no admission that said firm was holding money (viz., the proceeds of the sale) belonging to Amstutz. In other words, there was no admission that the garnishee was indebted to the *defendant* in the attachment proceeding in any sum.    The answer rather suggested that Moorhead was uncertain to whom the money belonged, and the court was not warranted in entering judgment *on his answer* against the garnishee and in favor of the *defendant*.    It is well-settled law that the answer of a garnishee must be considered as true until it is contradicted or disproved, and that, if judgment is demanded upon it, it must clearly appear therefrom that he is chargeable.    (*Chicago & E. I. R. Co. v. Blagden,* 33 Ill. App. 254, 256; *Cairo & St. L. R. Co. v. Hindman, Michaelis & Co.,* 85 Ill. 521, 523.)    Furthermore, it appears from Moorehead's affidavit, not only that his answer was incomplete and hastily prepared, but that the railway company claimed the fund in his hands, either for itself or for other parties to whom it was liable.    We think it was the court's duty, under the statute (Rev. St. ch. 62, sec. 11, Cahill's Ill. St. ch. 62, ¶ 11) and under the decisions, to vacate said judgment and permit the railway company to appear and maintain, if it could, its right to the fund.    (*Paepcke-Leicht Lumber Co. v. Becker,* 124 Ill. App. 311, 316; *Chott v. Tivoli Amusement Co.,* 82 Ill. App. 244, 248.) Its petition, and the documents and affidavits in support thereof, disclosed that it claimed that the shipment of the hay over its line was under an "order bill of lading" requiring its surrender upon delivery. If so, the railway company was a bailee of the property, and if the property was improperly or through a mistake of fact taken from its custody, it had the right to recover it back or its value.    (*Pittsburg, C., C. & St. L. Ry. Co. v. City of Chicago,* 242 Ill. 178, 187; *Johnson v. Gulf & C. R. Co.,* 82 Miss. 452.)    And,

the shipment being an interstate one, the lawful holder of the bill of lading was the owner of the property and entitled to the same or its value. (*Pennsylvania R. Co. v. Olivit Bros.*, 243 U. S. 574, 583; *Babbitt v. Grand Trunk Western Ry. Co.*, 285 Ill. 267, 273; *Walsh, Boyle & Co. v. First Nat. Bank*, 228 Ill. 446.) It sufficiently appeared that the Harlan State Bank was such lawful holder until January 27, 1922, when the bank indorsed and delivered the bill of lading to the railway company.

For the reasons indicated the judgment of the municipal court for $168.36 against Walter Moorhead, garnishee, is reversed and the cause is remanded with directions to allow said garnishee to file an amended answer, if he so desires, and to allow plaintiff to traverse said answer, if he so desires, and to allow the intervening claimant, the Wabash Railway Company, to file its said intervening petition, and to allow answers to the same to be filed, if desired, to the end that there may be a trial upon the merits as to who is entitled to the moneys in the hands of the garnishee.

*Reversed and remanded with directions.*

Barnes, P. J., and Morrill, J., concur.